[This opinion has been published in *Ohio Official Reports* at 86 Ohio St.3d 414.]

HOLLIMAN ET AL., APPELLANTS, *v.* ALLSTATE INSURANCE COMPANY CORPORATION, APPELLEE.

[Cite as *Holliman v. Allstate Ins. Co.*, 1999-Ohio-116.]

*Motor vehicles—Insurance—Uninsured motorist coverage—Court of appeals' judgment affirmed.*

(No. 98-1717—Submitted May 25, 1999—Decided September 15, 1999.)

APPEAL from the Court of Appeals for Franklin County, No. 97APE10-1327.

————————

*Colley, Shroyer & Abraham Co., L.P.A., David I. Shroyer* and *David K. Frank*, for appellants.

*Ulmer & Berne, L.L.P., Harold H. Reader* and *Brian N. Ramm*, for appellee.

————————

{¶ 1} The judgment is affirmed for the reasons stated by the court of appeals in its opinion rendered on July 7, 1998, which we adopt and attach as an appendix to this entry.

MOYER, C.J., F.E. SWEENEY, COOK and LUNDBERG STRATTON, JJ., concur.

DOUGLAS, RESNICK and PFEIFER, JJ., dissent.

————————

Appendix

PEGGY BRYANT, Judge.

{¶ 2} Plaintiffs-appellants, Paul H. Holliman and Clara C. Parker, individually and as the coadministrators of the estate of Paul Sean Parker, and Gene Olverson, individually and as the administrator of the estate of Lamont K. Olverson, appeal from a judgment of the Franklin County Court of Common Pleas granting the summary judgment motion of defendant-appellee, Allstate Insurance Company.

{¶ 3} On June 20, 1991, plaintiffs' decedents were killed in an automobile

accident. The accident occurred when the 1982 Ford Mustang in which decedents were riding as passengers was rear-ended by another automobile driven by an intoxicated and uninsured motorist. Samuel L. Wright, who was also killed in the accident, was driving the Mustang with the permission of his father, Samuel T. Wright ("Wright"), the vehicle's owner.

{¶ 4} At the time of the accident, Wright was insured under an automobile insurance policy issued by Nationwide Insurance Company ("Nationwide") providing liability and uninsured/underinsured motorist benefits in the amount of $100,000 per person and $300,000 per accident. In addition, although Allstate suggested that the policy had been canceled, Wright allegedly also was covered by an umbrella policy Allstate issued providing, as pertinent here, excess uninsured motorist coverage of up to $1 million per accident. Following the accident, plaintiffs each obtained judgments of over $1 million against the uninsured driver who caused the accident. Subsequently, plaintiffs each recovered under Wright's uninsured motorist coverage with Nationwide up to the policy's $100,000-per-person limit. Plaintiffs then sought to recover under Wright's umbrella policy with Allstate. Allstate denied plaintiffs' claims, arguing that plaintiffs' decedents were not insureds under the umbrella policy.

{¶ 5} On October 31, 1996, plaintiffs brought an action in the Franklin County Court of Common Pleas, seeking a declaratory judgment that they are entitled to recover under Wright's umbrella policy with Allstate. On June 9, 1997, Allstate moved for summary judgment, ignoring the cancellation issue and premising its motion on the definition of "insured persons" in the umbrella policy. On September 11, 1997, the trial court granted Allstate's motion. Plaintiffs appeal, assigning the following errors:

"Assignment of Error No. 1:

"The trial court erred, to the prejudice of the appellants, in rendering summary judgment in favor of appellee Allstate Insurance Company ('Allstate'),

and in dismissing the appellants' action against Allstate.

"Assignment of Error No. 2:

"The trial court erred, to the prejudice of the appellants, in failing to construe the Allstate umbrella policy strictly against Allstate and in failing to construe R.C. 3937.18 liberally in order to effectuate its legislative purpose."

{¶ 6} Preliminarily, summary judgment pursuant to Civ.R. 56 is appropriate only where no genuine issues of material fact remain to be litigated, the moving party is entitled to judgment as a matter of law, and, viewing the evidence most strongly in favor of the nonmoving party, reasonable minds can come to but one conclusion, which is adverse to the nonmoving party. *Harless v. Willis Day Warehousing Co.* (1978), 54 Ohio St.2d 64, 65-66, 8 O.O.3d 73, 74, 375 N.E.2d 46, 47.

{¶ 7} Plaintiffs' two assignments of error will be addressed together, as they both challenge the trial court's determination that plaintiffs are not entitled to recover under the Allstate umbrella policy.

{¶ 8} Allstate denied coverage to plaintiffs' decedents under Wright's umbrella policy because of the policy's definition of "insured persons." The umbrella policy expressly defines "insured persons" to include only "[y]ou, [and] any resident relative." Plaintiffs' decedents, who were merely friends of the named insured's son, are plainly outside the class of defined insureds. In contrast, however, Wright's primary uninsured motorist policy with Nationwide, under which plaintiffs' decedents were able to recover, defined insured persons to include the named insured, resident relatives of the named insured, and "anyone else * * * who suffers bodily injury while occupying * * * [a] vehicl[e] described in the Declarations." Plaintiffs raise several arguments in an attempt to apply the Nationwide policy's broader definition of an insured person to the Allstate umbrella policy.

{¶ 9} Initially, plaintiffs argue that the umbrella policy's narrow definition

of "insured persons" eliminates uninsured motorist coverage for plaintiffs' decedents in contravention of the purpose of R.C. 3937.18, and the Ohio Supreme Court's holding in *Martin v. Midwestern Group Ins. Co.* (1994), 70 Ohio St.3d 478, 639 N.E.2d 438.

{¶ 10} In *Martin*, the Supreme Court held that R.C. 3937.18 mandates uninsured motorist coverage where "(1) the claimant is an insured under a policy which provides uninsured motorist coverage; (2) the claimant was injured by an uninsured motorist; and (3) the claim is recognized by Ohio tort law." *Id.* at 481, 639 N.E.2d at 441. An exclusion that purports to deny such a claimant uninsured motorist coverage thwarts the purpose of R.C. 3937.18 and is invalid. *Id.* Further, R.C. 3937.18 is to be liberally construed to effectuate its purpose. *Ady v. W. Am. Ins. Co.* (1982), 69 Ohio St.2d 593, 598, 23 O.O.3d 495, 498, 433 N.E.2d 547, 550.

{¶ 11} Here, plaintiffs fail the first prong of the *Martin* test, in that they are not insureds under the Allstate umbrella policy. Although plaintiffs may suggest that the narrow definition of "insured persons" contained in the umbrella policy is simply an attempt to circumvent *Martin*, the argument is unpersuasive. Unlike the claimant in *Martin,* plaintiffs are not seeking uninsured motorist coverage under their policies. Rather, they contend that because they were passengers in an automobile driven by an individual who was an insured under an uninsured motorist policy, they are entitled to relief under that policy, even though they are not named as insureds in it. Nothing in R.C. 3937.18 or *Martin* prohibits the parties to an insurance contract from defining who is an insured person under the policy. *Wayne Mut. Ins. Co. v. Mills* (1996), 118 Ohio App.3d 146, 154, 692 N.E.2d 213, 218.

{¶ 12} Plaintiffs also argue that the definition of "insured persons" in the umbrella policy violates R.C. 3937.18(A)(1). Specifically, plaintiffs assert that R.C. 3937.18(A)(1) requires that uninsured motorist coverage be " 'equivalent' to that of the underlying policy," and that the umbrella policy violates that requirement by defining the class of persons covered under the policy more narrowly than

Wright's primary policy with Nationwide, which, according to plaintiffs, constitutes the "underlying policy" in the present case.

{¶ 13} Plaintiffs' contention that R.C. 3937.18(A)(1) requires the umbrella policy to provide coverage which is "equivalent to the underlying policy" misconstrues the statute. At the time of the accident, R.C. 3937.18(A)(1) provided:

"(A) No automobile liability or motor vehicle liability policy of insurance insuring against loss resulting from liability imposed by law for bodily injury or death suffered by any person arising out of the ownership, maintenance, or use of a motor vehicle shall be delivered or issued for delivery in this state with respect to any motor vehicle registered or principally garaged in this state unless both of the following coverages are provided:

"(1) *Uninsured motorist coverage*, which *shall be in an amount of coverage equivalent to the automobile liability or motor vehicle liability coverage* and shall provide protection for bodily injury or death under provisions approved by the superintendent of insurance, for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles because of bodily injury, sickness, or disease, including death, resulting therefrom." (Emphasis added.) 142 Ohio Laws, Part I, 1739.

{¶ 14} By its language, R.C. 3937.18(A)(1) requires only that uninsured motorist coverage "be in an amount of coverage equivalent to the automobile liability or motor vehicle liability coverage." Here, while the Nationwide policy is the underlying liability coverage with respect to Nationwide's uninsured motorist coverage, it is not the underlying liability coverage with respect to the umbrella policy, which presumably provided liability coverage in itself. The noted provisions of R.C. 3937.18 do not require that the Allstate uninsured motorist provisions be in the amount of coverage equivalent to the liability coverage in the Nationwide policy.

{¶ 15} Because the definition of "insured persons" contained in the

umbrella policy does not violate the purpose of R.C. 3937.18, the question of whether the umbrella policy provided coverage to plaintiffs' decedents must be determined according to the rules that govern the construction of written contracts generally. *Tomlinson v. Skolnik* (1989), 44 Ohio St.3d 11, 12, 540 N.E.2d 716, 717, overruled on other grounds by *Schaefer v. Allstate Ins. Co.* (1996), 76 Ohio St.3d 553, 668 N.E.2d 913. Here, the rules of contract construction assume that Wright and Allstate agreed that the umbrella policy would provide coverage only to those defined as "insured persons" under the policy. *Wayne, supra*. As noted, neither plaintiffs nor their decedents are included in that definition. Plaintiffs further contend, however, that even if the umbrella policy's narrow definition of "insured persons" is valid, a provision in the policy creates an ambiguity as to the scope of the policy's coverage, an ambiguity that, under the rules of construction, must be construed in their favor.

{¶ 16} Specifically, plaintiffs contend that the ambiguity as to the scope of the umbrella policy's coverage arises under the following provision of the policy: "The uninsured motorists insurance of this policy is excess to any uninsured motorists insurance that is available on a primary or secondary basis" (the "excess-coverage provision"). Plaintiffs contend that because of the excess-coverage provision, the umbrella policy's uninsured motorist coverage is coextensive with the coverage provided by Wright's primary uninsured motorist insurance. Thus, under plaintiffs' reading of the excess-coverage provision, the umbrella policy necessarily provides coverage to plaintiffs' decedents, because Wright's primary uninsured motorist coverage with Nationwide insured them.

{¶ 17} Where the language in an insurance policy is ambiguous and susceptible of more than one meaning, the policy will be liberally construed in favor of the insured and strictly against the insurer who drafted the policy. *Derr v. Westfield Cos*. (1992), 63 Ohio St.3d 537, 542, 589 N.E.2d 1278, 1282. However, where the plain and ordinary meaning of the language used in an insurance policy

is clear and unambiguous, a court cannot resort to construction of that language. *Skolnik*, *supra*.

{¶ 18} No ambiguity exists as to the scope of the coverage afforded by the umbrella policy at issue. The policy's excess-coverage provision does not contradict the policy's definition of "insured persons." In fact, when given its plain and ordinary meaning, the excess-coverage provision has nothing to do with the scope of the umbrella policy's coverage. Rather, the provision simply explains that the uninsured motorist coverage provided by the umbrella policy is not available until after an insured person has exhausted any other uninsured motorist coverage to which he or she is entitled.

{¶ 19} Because the Allstate umbrella policy unambiguously excludes plaintiffs and their decedents from the class of persons insured under it and because that exclusion violates neither the purpose nor the express language of R.C. 3937.18, plaintiffs are not legally entitled to recover under the policy. Plaintiffs' first and second assignments of error are overruled.

{¶ 20} Having overruled both of plaintiffs' assignments of error, we affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

LAZARUS and BOWMAN, JJ., concur.

————————————