JOURNAL ENTRY and OPINION
Appellant Transcontinental Insurance Company (Trans-continental) appeals from the trial court's grant of summary judgment against Transcontinental and in favor of appellee Bryn Wilford. Transcontinental assigns the following as error for our review:
 THE TRIAL COURT ERRED TO THE PREJUDICE OF PLAINTIFF-APPELLANT IN GRANTING DEFENDANT-APPELLEE'S MOTION FOR SUMMARY JUDGMENT.
Having reviewed the record and pertinent law, we affirm the decision of the trial court. The apposite facts follow.
On November 1, 1996, an accident occurred between a car driven by Wilford and a tractor-trailer driven by John Quiros. At the time of the accident, Quiros was within the scope of his employment with Atlas Plating, Inc. (Atlas). Jenny Davenport and her minor children Devon Davenport, and John Weese, were passengers in Wilford's car. The passengers sustained injuries in the accident, and on March 24, 1998, filed a negligence action against Quiros, Atlas, and Wilford as joint tortfeasors. Also, at the time of the accident, Transcontinental provided liability insurance for Atlas and its employees.
Quiros and Atlas Plating, Inc. answered both Davenport's complaint and cross-claim against Bryn Wilford. On May 29, 1998, Wilford answered both the complaint and cross-claim.
On May 10, 1999, the trial court placed on the docket the following entries.
 Deft Queros [sic] cross-claim against deft dismissed without prejudice; deft State of Ohio, dept. Of Human Services' cross-claim against defts dismissed without prejudice parties may submit own entries. OSJ final OSJ final vol. 2338 pg. 0369 notice issued case disposed without prejudice 05/10/99.
 Pltf's claims dismissed against all defts with prejudice; pltfs to submit own entry; OSJ final vol. 2338 pg. 0370 notice issued case dismissed with prejudice 05/10/99.
Transcontinental settled with all the original plaintiffs via a release dated May 27, 1999.
On June 8, 1999, Quiros and Atlas Plating voluntarily dismissed their cross-claim against Wilford.
On June 5, 2000, Transcontinental, as a subrogated party in interest, complained against Wilford for contribution and indemnification. Wilford answered and, on March 11, 2001, filed a motion for summary judgment. On April 3, 2001, the trial court granted Wilford's motion for summary judgment on grounds that, inter alia, Transcontinental failed to commence its action for contribution within the statute of limitations. This appeal followed.
We review an appeal from summary judgment under a de novo standard of review.[1] We afford no deference to the trial court's decision and independently review the record to determine whether summary judgment is appropriate.[2] Under Civ.R. 56, summary judgment is appropriate when (1) no genuine issue as to any material fact exists; (2) the party moving for summary judgment is entitled to judgment as a matter of law; and (3) viewing the evidence most strongly in favor of the non-moving party, reasonable minds can only reach one conclusion which is adverse to the non-moving party.[3] Civ.R. 56 places upon the moving party the initial burden of setting forth specific facts that demonstrate no issue of material fact exists and the moving party is entitled to judgment as a matter of law.[4] If the movant fails to meet this burden, summary judgment is not appropriate.[5] If the movant does meet this burden, summary judgment will only be appropriate if the non-movant fails to establish the existence of a genuine issue of material fact.[6]
Despite multifaceted arguments by both parties, the issue simplifies to whether Transcontinental timely filed its complaint for contribution. We conclude it did not.
The query for us is what date triggers the one-year statute of limitations under R.C. 2307.32. R.C. 2307.32 provides:
 (C) If there is no judgment for the injury or loss to person or property or the wrongful death against the tortfeasor seeking contribution, that tortfeasor's right of contribution is barred unless that tortfeasor either has discharged by payment the common liability within the statute of limitations period applicable to the claimant's right of action against that tortfeasor and has commenced that tortfeasor's action for contribution within one year after payment, or has agreed while an action is pending against that tortfeasor to discharge the common liability and has within one year after the agreement paid the common liability and commenced that tortfeasor's action for contribution.
Transcontinental argues that the triggering date is June 8, 1999 when its tortfeasors Quiros and Atlas Plating voluntarily dismissed their cross-claim against Wilford. Wilford argues the triggering date is May 27, 1999, the date the releases were signed and money was paid. At best, Wilford argues the original journal entry filed May 10, 1999 by the trial court dismissing Davenport's complaint is the triggering date.
For purposes of this appeal, we recognize that the May 10, 1999 entry of the trial court is a process used by the trial court to clear its docket of cases that are potentially settled. When the trial court orders the parties to file entries confirming its original dismissal the process is designed to make the court aware of the status quo. Consequently, we conclude the May 10, 1999 entry is the official entry dismissing the case. We note in the first entry the trial court dismissed Quiros and Atlas Plating's cross-claim against Wilford. Accordingly, that entry triggered the running of the statute of limitations.
Transcontinental's June 8, 1999 dismissal was confirmation of the trial court's May 10, 1999 entry and was supplementary at best. Moreover, we conclude that the settlement date of May 27, 1999 triggered the running of the statute of limitations in R.C. 2307.32. The statute specifically contemplates that when payment is made, the tortfeasor seeking contribution must file its complaint or suffer a bar for failure to timely file. Consequently, under either option date May 10, 1999 or May 27, 1999, Transcontinental is out of rule.
During oral argument, Transcontinental made the point that the cross-claim remained pending and only when it filed its dismissal on June 8, 1999 did the time start to run. We disagree. The trial court dismissed the cross-claim on May 10, 1999 and Transcontinental's dismissal was more informative then determinative. The dismissal served to inform the court that its May 10, 1999 dismissal remained in effect and the parties' settlement had been effectuated.
R.C. 2307.32(C) contemplates that the one-year statute of limitations starts to run after payment of the claim by the tortfeasor seeking contribution before that tortfeasor may seek contribution. Accordingly, Transcontinental was required to file for contribution no later than May 27, 2000. The record shows, and Transcontinental acknowledges that it filed its complaint for contribution on June 5, 2000, nine days after the statute of limitations expired.
We reached this conclusion after viewing the evidence most strongly in Transcontinental's favor. Reasonable minds can only decide that Transcontinental failed to timely file its complaint for contribution. Accordingly, Transcontinental's assigned error is without merit.
It is ordered that appellees recover of appellant their costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
MICHAEL J. CORRIGAN, P.J., and ANNE L. KILBANE, J., CONCUR.
[1] Brown v. Scotio Cty. Bd. Of Commrs (1993), 87 Ohio App.3d 704,711, 622 N.E.2d 1153, 1157; Dupler v. Mansfield Journal Co., Inc. (1980), 64 Ohio App.2d 116, 413 N.E.2d 1187.
[2] Northeast Ohio Apt. Assn. v. Cuyahoga Cty Bd. of Commrs. (1997),121 Ohio App.3d 188, 699 N.E.2d 534; Weiper v. W.A. Hill Assoc.(1995),104 Ohio App.3d 250, 661 N.E.2d 769; Brown v. Scotio Bd. Of Commrs,87 Ohio App.3d 704, 622 N.E.2d 1153.
[3] Holliman v. Allstate Ins. Co. (1999), 86 Ohio St.3d 414,715 N.E.2d 532; Temple v. Wean United, Inc. (1997), 50 Ohio St.2d 317,327, 364 N.E.2d 267, 273-274.
[4] Dresher v. Burt (1996), 75 Ohio St.3d 280, 292-293, 662 N.E.2d 264,273-274.
[5] Dresher at 293, 662 N.E.2d at 274.
[6] Id.