DECISION AND JUDGMENT ENTRY
Zora Minor appeals an order of the Jackson County Court of Common Pleas granting summary judgment in favor of Zurich American Insurance Company and raises the following assignments of error:
FIRST ASSIGNMENT OF ERROR
 THE TRIAL COURT ERRED IN FINDING THAT THE REQUIREMENTS OF LINKO DID NOT APPLY IN THE PRESENT CASE.
 SECOND ASSIGNMENT OF ERROR
 THE TRIAL COURT ERRED IN FINDING THAT ZURICH AMERICAN'S REJECTION FORM WAS LEGALLY ADEQUATE UNDER THE FACTORS IN LINKO V. INDEMNITY INS. CO. OF NORTH AMERICA.
Finding no merit in appellant's assignments of error, we affirm the judgment of the trail court.
In October, 1998, appellant received injuries in an accident with another motor vehicle, driven by Nashaun Nichols. At the time of the accident, appellant was an employee of Add, Inc. (a wholly owned subsidiary of Journal Communications, Inc.) ("Journal"). Journal maintained a business automobile insurance policy, issued by appellee Zurich American Insurance Company ("Zurich"). The policy, BAP 8373876-02, was effective April 1, 1998 through April 1, 1999. The parties do not dispute that this policy covered appellant.
Appellant filed a complaint in the court of common pleas, seeking compensation under the Zurich policy for uninsured/underinsured motorist ("UM/UIM") coverage. Zurich filed a counterclaim for declaratory judgment, claiming that Journal's policy did not provide UM/UIM coverage for the accident since Journal had knowingly rejected those benefits.
Both parties filed cross motions for summary judgment. Appellee included the written "selection/rejection" form signed by Daniel Harmsen, vice-president of human resources for Journal. Appellee also presented the court with Harmsen's affidavit, indicating that he had personally reviewed the "offer" and had contacted Journal's insurance consultant before signing the form. He maintained that it was Journal's intent to reject the UM/UIM benefits under the Zurich policy. Appellant argued that Zurich's "offer" did not include the necessary requirements and thus, was not really an offer at all. Therefore, appellant concluded, the rejection was invalid and UM/UIM benefits arose by operation of law under R.C. 3937.18.
After reviewing the motions, the trial court concluded that Journal's rejection under the policy created a presumption that Zurich made an offer of UM/UIM coverage. Consequently, the court stated, since appellant failed to overcome the presumption that appellee made an offer of coverage, appellee was entitled to judgment as a matter of law. Appellant then filed this timely notice of appeal.
Since both of appellant's assignments of error contend that summary judgment was improper and they are interrelated, we will address them together. Initially, we must decide whether the holding in Linko v.Indemnity Ins. Co. of North America, 90 Ohio St.3d 445, 2000-Ohio-92,739 N.E.2d 338, concerning the requirements of a valid offer, is still valid in light of R.C. 3937.18 as amended by H.B. 261, effective September 3, 1997. The Supreme Court did not decide Linko until 2000, and in doing so it interpreted R.C. 3937.18 as it existed prior to its amendment by H.B. 261. While it is not technically possible that the legislature's pronouncement in H.B. 261 "supercedes" Linko, it is possible that it renders the Linko requirements nugatory.
We review a trial court's decision to grant summary judgment on a de novo basis. Grafton v. Ohio Edison Co., 77 Ohio St.3d 102, 105,1996-Ohio-336, 671 N.E.2d 241. Accordingly, we conduct an independent review of the record and afford no deference to the trial court's determination. Mechanical Contractors Assn. of Cincinnati, Inc. v. Univ.of Cincinnati (2001), 141 Ohio App.3d 333, 337, 750 N.E.2d 1217. Under Civ.R. 56(C), summary judgment is appropriate when: (1) no genuine issue of material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence, when viewed most strongly in favor of the non-moving party, that reasonable minds can come to a conclusion only in favor of the moving party. Ormet Primary Aluminum Corp. v. Employers Ins. Of Wausau,88 Ohio St.3d 292, 300, 2000-Ohio-330, 725 N.E.2d 646; Holliman v.Allstate Ins. Co., 86 Ohio St.3d 414, 415, 1999-Ohio-116, 715 N.E.2d 532.
R.C. 3937.18(A) requires insurance companies to offer UM/UIM coverage with all automobile liability policies issued in Ohio. Gyori v. JohnstonCoca-Cola Bottling Group, Inc., 76 Ohio St.3d 565, 567, 1996-Ohio-358, 669 N.E.2d 824. If an insurer fails to offer UM/UIM coverage, the coverage is provided by operation of law. Id.; See, also, Abate v.Pioneer Mut. Cas. Co. (1970), 22 Ohio St.2d 161, 163, 258 N.E.2d 429. UM/UIM coverage can be eliminated from the policy only by an express and knowing rejection of the coverage by the insured. Gyori, supra, at 567. However, there can be no rejection of UM/UIM coverage under R.C. 3937.18(C) without a written offer of coverage from the insurance provider. Id. at paragraph one of the syllabus. Furthermore, the Ohio Supreme Court inLinko found that "a valid rejection requires a meaningful offer, i.e., an offer that is an offer in substance and not just in name." Linko, supra, at 449. In so stating, the Court concluded that a valid offer must contain: a brief description of the coverage, the premium for that coverage, and a statement of the UM/UIM coverage limits. Id.
The parties agree that R.C. 3937.18, as amended by H.B. 261, effective September 3, 1997 is relevant to this appeal. R.C. 3937.18, states:
"A named insured or applicant may reject or accept both coverages as offered under division (A) of this section, or may alternatively select both such coverages in accordance with a schedule of limits approved by the superintendent. * * * A named insured's or applicant's written,signed rejectionof both coverages as offered under division (A) of this section, or a named insured's or applicant's written, signed selection of such coverages in accordance with the schedule of limits approved by the superintendent, shall be effective on the day signed, shall create a presumption of an offer of coverages consistent with division (A) of this section, and shall be binding on all other named insureds, insureds, or applicants." (Emphasis added.)
A presumption shifts the evidentiary burden of producing evidence, i.e., the burden of going forward, to the party against whom the presumption is directed. See Weissenberger, Ohio Evidence (2001) 44. However, a rebuttable presumption does not carry forward as evidence once the opposing party has rebutted the presumed fact. Forbes v. Midwest AirCharter, Inc., 86 Ohio St.3d 83, 86, 1999-Ohio-85, 711 N.E.2d 997. Thus, once the presumption is met with sufficient countervailing evidence, it fails and serves no further evidentiary purpose. The case then proceeds as if the presumption had never arisen. See Horsley v. Essman (Aug. 29, 2001), Scioto App. No. 01CA2762; Ellis v. Evans (Aug. 16, 2001), Gallia App. No. 00CA17.
We agree with appellant and our colleagues in the Fifth District that the Linko requirements are still in effect following the enactment of H.B. 261. See Pillo v. Stricklin (Dec. 31, 2001), Stark App. No. 2001CA00204. Nothing in H.B. 261 indicates an intent by the legislature to specify what requirements are needed for a valid offer under R.C.3937.18. Had the legislature intended to specify the terms of a valid offer, they could have done so expressly. Nothing in the legislature's creation of the presumption of an offer addresses the mandatory or minimal content of an offer. We will not presume such an intent from silence.
Having concluded that Linko retains its viability, we turn to the interplay of the presumption created by H.B. 261 and the Linko
requirements.
The appellee's motion for summary judgment included a copy of a signed "UNINSURED/UNDERINSURED MOTORISTS COVERAGE SELECTION/REJECTION/LIMITS SUMMARY" form. Under the version of R.C. 3937.18(C) as amended by H.B. 261, this form created a presumption of an offer of coverage consistent with R.C. 3937.18(A). At that point, it was the appellant's burden to rebut the presumption. In an attempt to do so, the appellant characterized the "summary form" as also including the offer and then argued that it did not satisfy Linko. If in fact the summary form contained the offer, we would agree with the appellant. However, the summary form expressly indicates that an "Uninsured/Underinsured Motorists Coverage Selection/Rejection and Limits Options" form accompanied the policy. The summary form states that by signing the summary form, the insured indicated that it had read and understood the "Uninsured/Underinsured Motorists Selection/Rejection and Limits" form. It also states in capital letters that "THIS SUMMARY IS NOT A SUBSTITUTE FOR REVIEWING EACH INDIVIDIUAL STATE'S SELECTION/REJECTION FORM FOR UNINSURED AND UNDERINSURED MOTORISTS COVERAGE. YOU ARE REQUIRED TO DOSO."
The summary form clearly and unambiguously indicates that the "Uninsured/Underinsured MOTORISTS Selection/Rejection and Limits" form is the offer and that the summary is nothing other than the rejection form. Accordingly, the appellant could not look to the summary rejection form to supply the terms of the offer. In light of the fact that the appellant introduced no other evidence, she did not carry her burden of rebutting the presumption of a valid offer created by R.C. 3937.18(C). In the absence of any evidence to rebut the presumption, the trial court properly ruled that the appellee was entitled to summary judgment.
Accordingly, we overrule both of appellant's assignments of error and affirm the judgment of the trial court.
JUDGMENT AFFIRMED.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that Appellees recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Jackson County Common Pleas Court to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Abele, P.J. Evans, J.: Concur in Judgment and Opinion.