JOURNAL ENTRY and OPINION.
{¶ 1} Stanley Sparks and Yvonne Jackson appeal from summary judgment granted in favor of the City of Cleveland in a tort action they filed against the city in connection with an incident where their vehicle collided with the vehicle driven by a police officer. On appeal, they assign the following error for our review:
 {¶ 2} "The Court of Common Pleas erred by granting the defendant summary judgment against the plaintiff[s]."
 {¶ 3} Having reviewed the record and pertinent law, we affirm the trial court's decision. The apposite facts follow.
 {¶ 4} On March 6, 2001, Officer Christopher Graham responded to a call over the radio regarding a man threatening with a knife at 2847 Woodhill Road, Cleveland. Officer Graham looked for that street number on Woodhill and, after realizing he had passed the address, pulled his vehicle from the center lane to the curb lane and then executed a U-turn on Woodhill. Half way through that turn, Officer Graham's vehicle collided with Sparks' vehicle traveling southbound on the center lane on Woodhill. The incident caused a dent in the police vehicle's left front fender and a crack in the turn signal of Sparks' vehicle.
 {¶ 5} Following the incident, Sparks and Jackson filed a complaint in the court of common pleas against the City of Cleveland,[1] claiming Officer Graham's negligent conduct injured them and damaged Sparks' vehicle. Jackson sued as a passenger in the vehicle.
 {¶ 6} Sparks and Jackson subsequently amended their complaint, alleging instead that Officer Graham operated his vehicle with a malicious purpose, in bad faith, or in wanton or reckless manner. In response, the city filed a motion to dismiss pursuant to Civ. R. 12(B)(6), asserting that the city is immune from liability arising out of wanton and reckless acts of its employees in accordance with R.C. 2744.02. Sparks and Jackson then filed a third amended complaint, with the court's leave, averring that Officer Graham operated his vehicle negligently, or, with a malicious purpose, in bad faith, or in a wanton or reckless manner.
 {¶ 7} The court granted the city's motion in part, dismissing the claims based on allegations of its employee's wanton and reckless acts, but not the claims based on the allegations of negligence.
 {¶ 8} The city then filed a motion for summary judgment regarding the remaining negligence claims, which the court granted. Sparks and Jackson now appeal from that judgment.
 {¶ 9} In their sole assigned error, Sparks and Jackson argue that because genuine issues of material fact exist, the court erred in granting summary judgment in favor of the city.
 {¶ 10} We review the trial court's granting of summary judgment de novo.[2] We afford no deference to the trial court's decision and independently review the record to determine whether summary judgment is appropriate.[3] Under Civ. R. 56, summary judgment is appropriate when, (1) no genuine issue as to any material fact exists, (2) the party moving for summary judgment is entitled to judgment as a matter of law, and (3) viewing the evidence most strongly in favor of the nonmoving party, reasonable minds can only reach one conclusion which is adverse to the non-moving party.[4] Civ. R. 56 places upon the moving party the initial burden of setting forth specific facts that demonstrate no issue of material fact exists and the moving party is entitled to judgment as a matter of law.[5] If the movant fails to meet this burden, summary judgment is not appropriate; if the movant does meet this burden, the non-moving party has a reciprocal burden to set forth specific facts demonstrating a genuine issue for trial.[6]
 {¶ 11} In Chapter 2744 of the Revised Code, the Political Subdivision Tort Liability Act, the General Assembly enacted a comprehensive statutory scheme for the tort liability of political subdivisions in Ohio. The Act grants immunity to a political subdivision from civil liability, in R.C. 2744.02(A)(1), enumerating, however, five exceptions to this general grant of immunity. Of the five excepted categories, only the exception set forth in 2744.02(B)(1) is applicable in the instant matter. In accordance with R.C. 2744.02(B)(1), although a political subdivision is generally not liable for civil liability, it is held liable for its employees' negligent operation of a motor vehicle. That section states:
 {¶ 12} "Except as otherwise provided in this division, political subdivisions are liable for injury, death, or loss to person or property caused by the negligent operation of any motor vehicle by their employees upon the public roads, highways, or streets when the employees are engaged within the scope of their employment and authority."
 {¶ 13} The statute, however, goes on to carve out three exceptions to this rule of liability. Pertinent to the dispute here is the exception provided in R.C. 2744(B)(1)(a), which states:
 {¶ 14} "(a) A member of a municipal corporation police department or any other police agency was operating a motor vehicle while responding to an emergency call and the operation of the vehicle did not constitute willful or wanton misconduct."
 {¶ 15} Thus, in order to overcome the city's summary judgment motion, Sparks and Jackson must show the existence of an issue of material fact regarding whether Officer Graham was "responding to an emergency call" or whether the officer's operation of his vehicle constituted willful or wanton conduct.
 {¶ 16} An "emergency call" is defined in R.C. 2744.01(A) as the following:
 {¶ 17} "`Emergency call' means a call to duty, including, but not limited to, communications from citizens, police dispatches, and personal observations by peace officers of inherently dangerous situations that demand an immediate response on the part of a peace officer."
 {¶ 18} Although the issue of whether an emergency call existed is an issue of fact,[7] this issue may be determined by summary judgment.[8] Here, Officer Graham testified at his deposition that, at the time of the collision, he was heading to 2847 Woodhill in response to a call he received over the radio regarding a male threatening with a knife. He testified that his vehicle had its overhead lights on while en route to that address, but its sirens were turned off as he approached Woodhill because he did not want to alert the suspect to the police's arrival which could cause him to hurt himself or others.
 {¶ 19} Because the city presented evidence that Officer Graham was responding to an "emergency call," Sparks and Jackson were required to submit evidence demonstrating a genuine issue of material fact for trial regarding this issue. In this connection, the only evidence presented by Sparks and Jackson consisted of an affidavit by a witness, who stated that Officer Graham turned off his sirens and lights prior to making the U-turn. As this court has stated, an officer responding to an emergency call need not activate the siren and lights of the vehicle in order for the response to constitute an emergency call within the meaning of R.C. 2744.01(A).[9] Therefore, because plaintiffs failed to present evidence to create an issue of material fact regarding whether Officer Graham was responding to an emergency call, the trial court correctly granted summary judgment in favor of the city on this issue.
 {¶ 20} Sparks and Jackson may still defeat the city's summary judgment motion if there exists a genuine issue of material fact as to whether Officer Graham acted willfully or wantonly in the operation of his vehicle.[10] On this issue, they contend that Officer Graham's making a U-turn without any warning or taking any precaution constituted wanton or willful acts.
 {¶ 21} "Wanton misconduct" has been defined as "the failure to exercise any care toward one to whom a duty of care is owed when the failure occurs under circumstances for which the probability of harm is great and when the probability of harm is known to the tortfeasor."[11]
"Willful misconduct" is characterized as "an intentional deviation from a clear duty or from a definite rule of conduct, a deliberate purpose not to discharge some duty necessary to safety, or purposely doing wrongful acts with knowledge or appreciation of the likelihood of resulting injury."[12] Furthermore, for the purposes of Chapter 2744 of the Revised Code, wanton, reckless, and willful misconduct are functional equivalents of each other.[13]
 {¶ 22} In this regard, Sparks and Jackson argue that because the issue of wanton misconduct is generally a question of fact for the jury, citing Matkovic v. Penn Central Transportation Co,[14] the court erred in granting summary judgment on this issue. However, "just because a particular element of a claim or defense involves a question of fact does not automatically preclude the claim or defense from a determination under summary judgment."[15] A trial court may grant summary judgment when the moving party demonstrates that the case involves no genuine issues of fact for litigation and the nonmoving party failed to refute this demonstration.
 {¶ 23} Here, Officer Graham testified that he steered to the curb lane prior to making the U-turn because his vehicle required that maneuver to execute a U-turn. Furthermore, he testified that his vehicle had the overhead lights on, but did not have the siren on for fear of alerting the suspect to the police's presence. Sparks and Jackson, on the other hand, presented an affidavit of a witness who was traveling several car lengths behind Sparks' vehicle at the time of the incident. That witness stated that after he saw and heard the police vehicle approaching, he and Sparks pulled over to the side of the road to allow the police vehicle to pass. He further stated that after the police vehicle passed, he saw the officer suddenly slow down, shut off the lights, pull over to the side of the road, and, after several seconds, attempt to make a U-turn without any warning, colliding with Sparks' vehicle.
 {¶ 24} Given this record, we conclude Sparks and Jackson failed to meet their reciprocal Dresher burden of setting forth a genuine issue of material fact regarding whether Officer Graham had acted wantonly and recklessly in causing the incident. On these facts, they have at best shown negligence. Accordingly, the court correctly granted summary judgment on this issue in favor of the city.
 {¶ 25} Because Sparks and Jackson's assigned error is without merit, we affirm the judgment of the court.
JAMES J. SWEENEY, J., and TIMOTHY E. McMONAGLE, J., CONCUR.
[1] Sparks and Jackson also named Officer Graham as a defendant in the suit, but subsequently dismissed him without prejudice.
[2] Brown v. Scioto Cty. Bd. Of Comm'rs (1993), 87 Ohio App.3d 704,711; Dupler v. Mansfield Journal Co., Inc. (1980), 64 Ohio St.2d 116.
[3] Northeast Ohio Apt. Assn. v. Cuyahoga Cty Bd. of Commrs. (1997),121 Ohio App.3d 188; Weiper v. W.A. Hill Assoc. (1995),104 Ohio App.3d 250; Brown v. Scioto Bd. Of Comm'rs (1993),87 Ohio App.3d 704.
[4] Holliman v. Allstate Ins. Co. (1999), 86 Ohio St.3d 414; Temple v.Wean United, Inc. (1997), 50 Ohio St.2d 317, 327.
[5] Dresher v. Burt (1996), 75 Ohio St.3d 280, 292-293.
[6] Id.
[7] See Posner v. Dept. Of Public Safety (Sept. 29, 2000), Franklin App. No. 99AP-594.
[8] See Lewis v. Bland (1991), 75 Ohio App.3d 453
[9] See Colbert v. City of Cleveland (Dec. 13, 2001), Cuyahoga App. No. 77635, citing Lipscomb v. Lewis (1993), 85 App.3d 97.
[10] R.C. 2744.02(B)(1)(a).
[11] Brockman v. Bell (1992), 78 Ohio App.3d 508, 515 (citation omitted).
[12] Hunter v. Columbus (2000), 139 Ohio App.3d 962, 969. (citation omitted).
[13] Id.
[14] (1982), 69 Ohio St.2d 210.
[15] See Wagner v. Heavlin (2000), 136 Ohio App.3d 719, 727.