JOURNAL ENTRY AND OPINION
{¶ 1} Plaintiffs-appellants — Robert Pratt, his wife, Lisa, and their children, Dondre and Terrell Pratt-appeal the trial court granting summary judgment in favor of defendant-appellee/cross-appellant, Lumbermens Mutual Casualty Company. Plaintiffs argue the trial court erred when it determined they were not insureds under defendant's insurance policy. Plaintiffs also claim the court erred in denying their motion for summary judgment in which they argued that not only were they insureds under defendant's policy, they were also entitled to coverage under the rest of the provisions in that policy.
 {¶ 2} Defendant, Lumbermens Casualty Company, has filed a cross-appeal in which it argues the court erred in failing to determine that plaintiffs' three-and-a-half-year delay in providing it notice of their claim constitutes a breach of the policy, further justifying its denial of coverage.
 {¶ 3} On December 5, 1997, Robert Pratt was driving his wife's car with his wife and children as passengers. The Pratt's vehicle, while in motion, was struck at the intersection of Corlett Ave. and E. 123rd by another car which left the scene and whose driver was never identified. The Pratts all claim to have suffered personal injuries as a result of the collision. Plaintiffs submitted a claim for uninsured motorist coverage ("UIM") to their own insurer, Safe Auto. Safe Auto's policy carried limits of $12,500/$25,000. In December 2001, plaintiffs settled with Safe Auto for $20,000.
 {¶ 4} At the time of the accident, Lisa Pratt was employed by Advanced Lighting Technologies, Inc. Because plaintiffs' settlement with Safe Auto was insufficient to fully compensate them for their injuries, plaintiffs argue they are also entitled to UIM motorist coverage under the business auto policy of her employer, Advanced Lighting. The parties agree that defendant Lumbermens, who issued this policy, first learned of the Pratt's accident in June 2001 when they filed suit for additional coverage under the employer's policy.
 {¶ 5} Under the terms of this policy, both parties moved for summary judgment. Determining that plaintiffs were not insureds under that policy and thus not entitled to UIM coverage, the trial court granted Lumbermens motion for summary judgment. Appealing that order, plaintiffs' filed this appeal and defendant cross-appealed. Because plaintiffs and defendant's assignments of error are interrelated, we address them together.
Plaintiffs' Assignments of Error:
No. I: The Trial Court Erred In Granting Defendant's Motion For Summary Judgment Because A Genuine Issue Of Material Fact Exists As To Whether The Language Of Defendant's Policy Of Insurance Was Clear And Unambiguous And Thus, Plaintiffs Were Not Insured Under Said Policy. The Trial Court's Decision Is Against The Manifest Weight Of The Law And Evidence.
No. II: The Trial Court Erred In Denying Plaintiff's Motion For Summary Judgment Because Ohio Law Supports Plaintiff's Claim They Are Entitled To Coverage Under Defendant's Policy Of Insurance As A Matter Of Law.
Defendant's Cross-Assignment of Error:
The Pratts' Claims For Coverage Under Lumbermens' Business Auto Policy Are Otherwise Improper Since They Failed To Satisfy The Policy's Preconditions Necessary To Entitle The Pratts, If Insureds, To Coverage.
 {¶ 6} In their assignments of error, plaintiffs claim that the trial court erred in granting defendant's motion for summary judgment. Our review of the trial court's decision to grant summary judgment is de novo. Taylor v. Kemper Ins. Co., Cuyahoga App. No. 81360, 2003-Ohio-177 citing Zivich v. Mentor Soccer Club (1998), 82 Ohio St.3d 367, 369-70,696 N.E.2d 201.
 {¶ 7} Civ.R. 56(C) provides that "summary judgment may be granted when the moving party demonstrates that (1) there is no genuine issue of material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) viewing the evidence most strongly in favor of the nonmoving party, reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made." Taylor, supra at ¶ 11; Holliman v. Allstate Ins.Co., 86 Ohio St.3d 414, 1999 Ohio 116, 715 N.E.2d 532; Harless v. WillisDay Warehousing Co. (1978), 54 Ohio St.2d 64, 65-66, 375 N.E.2d 46.
 {¶ 8} In the case at bar, the policy[1] states that the "named insured" is Advanced Lighting. The policy also contains an endorsement titled "Ohio Uninsured Motorists Coverage." The endorsement specifically modifies the insurance provided under the "Business Auto Coverage Form" and further defines an insured for purposes of UIM coverage as follows:
B. Who is an Insured
1. You.
2. If you are an individual, any `family member.'
3. Anyone else `occupying' a covered `auto' or a temporary substitute for a covered `auto.' The covered `auto' must be out of service because of its breakdown, repair, servicing, loss or destruction.
4. Anyone for damages he or she is entitled to recover because of `bodily injury' sustained by another `insured.'[2]
 {¶ 9} The auto policy also contains an endorsement captioned "Drive Other Car Coverage — Broadened Coverage for Named Individuals," which further modifies the insurance provided under the "Business Auto Coverage Form." The endorsement reiterates that Advanced Lighting is the "named insured" but now specifically identifies "Wayne Hellman, Diane Mazzola, Jim Sarver, and Christine Hellman" as additional insureds under the Schedule section of the policy.[3]
 {¶ 10} Defendant argues that the inclusion of specific individuals as named insureds in the Broadened Coverage endorsement removes the ambiguity in `you' and, therefore, Scott-Pontzer v. Liberty Mut. Ins.Co. (1999), 85 Ohio St.3d 660, which resolves the ambiguity of "you," is not applicable.
 {¶ 11} In Warren v. Hartford Ins. Co., Cuyahoga App. No. 81139, 2002-Ohio-7067, this court reviewed a virtually identical endorsement to the one at issue in this appeal. In that case, we determined that because the issue then was currently pending before the Supreme Court of Ohio[4] we followed "the rule as it was recently articulated in Addiev. Linville (Oct. 3, 2002), Cuyahoga App. Nos. 80547, 80916, 2002-Ohio-5333.[5] In Addie, this court stated: `Primarily, we reject the notion that the holding of Scott-Pontzer does not apply because a separate endorsement modifies the Business Auto Coverage Form of the liability policy to add certain named individuals to the definition of who is an insured contained therein. We note that the particular endorsement relied upon does not substitute for, but rather explicitly adds to, the definition of who is an insured in the Business Auto Coverage Form. Thus, the ambiguity found in Scott-Pontzer remains and the ambiguous `you' must still be deemed to include employees of the corporate entity identified as the `Named Insured.'" Warren, supra at ¶¶ 32-33.
 {¶ 12} Recently, addressing a similar endorsement, this court reached the same result in Sekula v. Hartford Ins. Co., Cuyahoga App. No. 81295, 2003-Ohio-1160 citing Burkhart v. CNA Ins. Co., Stark App. No. 2001CA00265, 2002-Ohio-903; Brozovic v. St. Paul Fire MarineIns. Co., Cuyahoga App. No. 80868, 2003-Ohio-554; cf. Workman v. CarlisleEngineered Products., Inc., Cuyahoga App. Nos. 81179, 81211, 2003-Ohio-293 (specific individual named on declarations page); see, also, Mlecik v. Farmers Ins. of Columbus, Inc., Cuyahoga App. No. 81110, 2002-Ohio-6222 (specific individuals named in definition of who was an insured).
 {¶ 13} While still awaiting a decision in Galatis, we continue to follow Addie and Warren. We, therefore, conclude plaintiffs are insureds for purposes of UIM coverage under defendant's auto liability policy and thus the trial court erred in deciding otherwise. Accordingly, we sustain plaintiffs' assignment of error.
 {¶ 14} Next, in its cross-appeal, defendant argues the court erred in not further determining that plaintiffs failed to give it timely notice of their claims. It is undisputed that the Pratts' accident occurred in December 1997 and that they did not notify defendant of that accident until June 2001 when they filed their complaint.
 {¶ 15} Defendant's policy requires plaintiffs to provide "prompt" notice of any loss or accident. In addition, as insureds, plaintiffs were required to do everything necessary to protect defendant's subrogation rights. According to defendant, breach of its prompt notice provision allows it to deny plaintiffs coverage.
 {¶ 16} In its order granting defendant summary judgment, the trial court did not address the notice issue. Defendant argues plaintiffs' delay in giving notice of the accident caused it to suffer prejudice because it has lost its ability to investigate the facts surrounding the accident. Plaintiffs maintain that the notice issue can be determined on summary judgment. According to plaintiffs, the issues of whether their notice is unreasonable and whether their settlement prejudiced defendant, leave too many questions of material fact to be resolved under Civ.R. 56.
 {¶ 17} We agree in light of the Ohio Supreme Court's recent decision in Ferrando v. Auto-Owners Mutual Insurance, 2002-Ohio-7217, a decision not available to the trial court when it ruled. It was error to grant summary judgment for defendant, because there are genuine issues of material fact left to resolve: the issues of plaintiffs' notice and whether their settlement/release with the tortfeasor prejudiced defendant.
 {¶ 18} In Ferrando, the Court established a two-part test for late-notice UM/UIM auto insurance cases. First, the trial court must "determine whether a breach of the provision at issue actually occurred." Id., at ¶ 89. In making this determination, the court must consider the surrounding facts and circumstances of the notification. Second, if the notice given is deemed to be unreasonable, then there is a "presumption of prejudice to the insurer, which the insured bears the burden of presenting evidence to rebut." In light of the evidence presented, the court must then "inquire whether the insurer was prejudiced." Id., at ¶ 90.[6] Under Ferrando, the court must consider all the facts and circumstances surrounding plaintiffs' notice to defendant. If the court finds the delay unreasonable, then the trial court must determine whether either act prejudiced the insurance company. In the case at bar, the trial court opinion discusses only the issue of whether plaintiffs were insureds under defendant's policy. Under Ferrando, questions relating to breach, prejudice and whether plaintiffs met their burden of proof require the presentation and review of evidence not considered by the trial court before it granted defendant's summary judgment motion. At this point, this court cannot say whether plaintiffs' three-and-a-half-year delay, in light of the surrounding circumstances and facts, constitutes "prompt notice" under defendant's policy. Genuine issues of material fact remain on the question of notice and whether plaintiffs could have notified defendant sooner than they did.[7] Defendant cross-appellant's sole assignment of error is, therefore, overruled.
 {¶ 19} Accordingly, the trial court erred in granting summary judgment in favor of defendant and in determining plaintiffs were not insureds under defendant's policy. The court, however, correctly denied plaintiffs' motion for summary judgment because whether they are entitled to coverage under that policy is still in question. The judgment of the trial court granting summary judgment in favor of defendant is reversed.
 {¶ 20} The judgment of the trial court is affirmed in part and reversed in part, and the case is remanded for further proceedings consistent with this decision.
MICHAEL J. CORRIGAN, P.J., CONCURS IN JUDGMENT ONLY;
[1] The effective dates of the policy are July 30, 1997 to July 30, 1998.
[2] Defendant agrees this definition of an insured in B. 1-4 is identical to the definition of an insured in the policy reviewed inScott-Pontzer v. Liberty Mut. Ins. Co. (1999), 85 Ohio St.3d 660.
[3] Under the "Changes in Auto Medical Payments and Uninsured and Underinsured Motorists Coverages," the endorsement also adds the following: "Any individual named in the Schedule and his or her `family members' are `insured' while `occupying' or while a pedestrian when being struck by any `auto' you don't own except: Any `auto' owned by that individual or by any `family member.'" [sic]
[4] In Westfield Ins. Co. v. Galatis (2002), 96 Ohio St.3d 1446,771 N.E.2d 260, the Ohio Supreme Court certified a conflict between the Summit County Court of Appeals and the Stark County Court of Appeals. The issue certified is "Whether the inclusion of a `Broadened Coverage Endorsement,' adding individual named insureds to a commercial motor vehicle liability policy, eliminates any ambiguity over the use of the term `you' therein?"
[5] We note that although the appellate court found the plaintiffs were insureds, the court affirmed the trial court's grant of summary judgment to the insurer on a different rationale.
[6] A breach is material only when the insurer is prejudiced by the breach. Ferrando, supra, at ¶ 30.
[7] Plaintiffs' complaint was not filed until June, 2001.