DISSENTING. I respectfully dissent.
 {¶ 33} The insurance policy before us uses the word "protected" synonymously with the word "insured." By virtue of the Scott-Pontzer
analysis, we determine that Jo Ann Coop's
 {¶ 34} husband is an insured under his employer's St. Paul policy. Under the policy's UM/UIM coverage section captioned "Who is Protected [insured] Under This Agreement," the policy names "you," meaning Coop's husband, and "your family members," meaning Coop. Given her status as an insured, then, the automobile owned by Jo Ann Coop is covered as an "auto that you own" and is not excluded as an "other auto."
 {¶ 35} In my view, this is a reasonable interpretation of this policy. At the least, it is a valid interpretation, creating an ambiguity which should be resolved in favor of the insured. "Where the language in an insurance policy is ambiguous and susceptible of more than one meaning, the policy will be liberally construed in favor of the insured and strictly against the insurer who drafted the policy." Holliman v.Allstate Ins. Co. (1999), 86 Ohio St.3d 414, 418. See, also, Blatt v.Pacific Employers Ins. Co.(2002), 220 F. Supp. d 861, 863-865.