{¶ 27} Respectfully, I dissent because I disagree with the majority in its reading of Motorists' Policy for uninsured motorist coverage.
 {¶ 28} When the plain and ordinary meaning of the language of an insurance policy is clear and unambiguous, a court cannot engage in interpretation of that language. Holliman v. AllstateIns. Co., 86 Ohio St.3d 414, 418, 1999-Ohio-116, 715 N.E.2d 532. However, when "the language in an insurance policy is ambiguous and [reasonably] susceptible of more than one meaning, the policy will be liberally construed in favor of the insured and strictly against the insurer who drafted the policy." Id., citing Derr v.Westfield Cos. (1992), 63 Ohio St.3d 537, 542, 589 N.E.2d 1278.
 {¶ 29} In the case at bar, the majority has ignored the fundamental ambiguity of the key provision in the policy. The policy language at issue is as follows: Any other person occupying your covered auto who is not a named insured or an insured family member for uninsured motorists coverage underanother policy. (Emphasis added.)
 {¶ 30} In understanding this sentence, the question is what the tail prepositional phrase, "for uninsured motorists coverage under another policy," modifies. More specifically, the question is whether that qualifying tail modifies only "an insured family member," or whether the tail also modifies "a named insured."
 {¶ 31} The English language has a fairly rigid syntax. As a result, modifiers must be near what they modify. Because of the rigid word order of English, college composition books in this country often designate an entire chapter to the problem of the dangling or misplaced modifier. It is quite clear that the qualifying prepositional phrase at the end of the policy sentence above modifies what immediately precedes it. It is not clear, however, that the qualifying tail reaches over and modifies what is on the other side of "or."
 {¶ 32} Thus the clause can be read to mean that UM/UIM coverage will be provided for "[a]ny other person occupying your covered auto who is not a named insured * * * for uninsured motorists coverage under another policy." But the clause can also be read to mean that coverage will be available to "[a]ny other person occupying your covered auto who is not a named insured * * *." The policy's plain language can be read in more than one way. Being subject to more than one interpretation, the language is ambiguous.
 {¶ 33} The majority never provides any syntactic analysis of the disputed provision, but any construction of the provision must begin with that kind of analysis. And once the syntax is interpreted as ambiguous, the policy must be construed in favor of providing coverage to the insured.
 {¶ 34} The majority acknowledges Safeco's argument based on the "last antecedent" grammatical rule and even quotes the rule: "`"Referential and qualifying words and phrases, where no contrary intention appears, refer solely to the last antecedent * * *."' Indep. Ins. Agents v. Fabe (1992), 63 Ohio St.3d 310,314, quoting Carter v. Youngstown 1946, 146 Ohio St. 203, 209." Ante. The majority ignores, however, this established rule of construction. Moreover, finding no "contrary intention" in the policy itself, the majority proceeds to construe the intention of the parties by turning to what "[g]enerally, insurance policies contain." The issue for this court to decide, however, is what this policy says, not what policies "generally" say. In skipping over the necessary first stage, "the ordinary and commonly understood meaning" from the grammar of the sentence, the majority has provided an analysis that is fundamentally flawed.
 {¶ 35} Because the policy's language is ambiguous, I would affirm the judgment of the trial court.