JOURNAL ENTRY AND OPINION
{¶ 1} Plaintiffs-appellants, Cornel Ungur, his wife, Doina Ungur, and their two daughters appeal the trial court granting summary judgment in favor of defendant-appellee, Buckeye Union Insurance Co. For the reasons that follow, we affirm in part and reverse in part the decision of the trial court.
 {¶ 2} In a complaint for Declaratory Judgment and breach of contract, plaintiffs sought underinsured (UIM) motorist coverage from defendant. Plaintiffs' request for UIM benefits arose from a motor vehicle accident in June 1995 in which Cornel Ungur was severely injured. In December 1995, plaintiffs settled with the tortfeasor[1]
and his insurance company for policy limits which were insufficient to fully compensate plaintiffs.[2] It is undisputed that plaintiffs did not notify defendant of their settlement/release until approximately five years later.
 {¶ 3} In their complaint Plaintiffs claimed to be insureds under a policy of insurance held by Cornel Ungur's employer, Wire Lab Co., a part of Omni Tech Products Inc. The policy was issued by defendant.
 {¶ 4} Plaintiffs and defendant moved for summary judgment with the trial court granting judgment in favor of defendant. Appealing that order, plaintiffs assign the following error for our review:
 {¶ 5} "The Trial Court Erred In Granting Defendant-appellee Buckeye Union Insurance Company's (Aka Cna Insurance Company) Motion For Summary Judgment And Denying Plaintiffs' Motion For Summary Judgment On March 27, 2002."
 {¶ 6} Plaintiffs claim that the trial court erred in granting defendant's motion for summary judgment. Our review of the trial court's decision to grant summary judgment is de novo. Taylor v. Kemper Ins.Co., Cuyahoga App. No. 81360, 2003 Ohio 177 citing Zivich v. MentorSoccer Club (1998), 82 Ohio St.3d 367, 369-70, 696 N.E.2d 201. Civ.R. 56(C) provides that "summary judgment may be granted when the moving party demonstrates that (1) there is no genuine issue of material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) viewing the evidence most strongly in favor of the nonmoving party, reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made." Taylor, supra at ¶ 11; Holliman v. Allstate Ins. Co.,86 Ohio St.3d 414, 1999 Ohio 116, 715 N.E.2d 532; Harless v. Willis DayWarehousing Co. (1978), 54 Ohio St.2d 64, 65-66, 375 N.E.2d 46.
 {¶ 7} In the case at bar, the policy[3] contains an endorsement titled
 {¶ 8} "Ohio Uninsured Motorists Coverage." That section states that Omni
 {¶ 9} Tech Products Inc. is the "named insured." The endorsement specifically modifies the insurance provided under the "Business Auto Coverage Form" and further defines an insured for purposes of UIM coverage as follows:
 {¶ 10} "B. Who is an Insured
 {¶ 11} "1. You.
 {¶ 12} "2. If you are an individual, any `family member'. [sic]
 {¶ 13} "3. Anyone else `occupying' a covered `auto' or a temporary substitute for a covered `auto'. [sic] The covered `auto' must be out of service because of its breakdown, repair, servicing, loss or destruction.
 {¶ 14} "4. Anyone for damages he or she is entitled to recover because of `bodily injury' sustained by another `insured'."[4]
[sic]
 {¶ 15} The auto policy also contains an endorsement captioned "Drive Other Car Coverage-Broadened Coverage for Named Individuals," which further modifies the insurance provided under the "Business Auto Coverage Form." The endorsement reiterates that Omni Tech Products Inc. is the "named insured" but now specifically identifies "Robert Olga Fulop" as additional insureds under the Schedule section of the policy.[5]
 {¶ 16} Defendant argues that the inclusion of specific individuals as named insureds in the Broadened Coverage endorsement removes the ambiguity in `you' and, therefore, Scott-Pontzer v. Liberty Mut. Ins.Co. (1999), 85 Ohio St.3d 660, which resolves the ambiguity of "you," is not applicable.
 {¶ 17} In Warren v. Hartford Ins. Co., Cuyahoga App. No. 81139, 2002-Ohio-7067, this court reviewed a virtually identical endorsement to the one at issue in this appeal. In that case, we determined that because the issue then was currently pending before the Supreme Court of Ohio[6]
we followed "the rule as it was recently articulated in Addie v.Linville (Oct. 3, 2002), Cuyahoga App. Nos. 80547, 80916, 2002-Ohio-5333. In Addie, this court stated: `Primarily, we reject the notion that the holding of Scott-Pontzer does not apply because a separate endorsement modifies the Business Auto Coverage Form of the liability policy to add certain named individuals to the definition of who is an insured contained therein. We note that the particular endorsement relied upon does not substitute for, but rather explicitly adds to, the definition of who is an insured in the Business Auto Coverage Form. Thus, the ambiguity found in Scott-Pontzer remains and the ambiguous `you' must still be deemed to include employees of the corporate entity identified as the `Named Insured.' Independent of the fact, the Ohio Uninsured Motorists Coverage-Bodily Injury endorsement separately modifies the Business Auto Coverage Form by changing the provisions of `Who is An Insured' for purposes of UIM coverage. This endorsement does not reference the individuals identified in Drive Other Car Coverage-Broadened Coverage for Named Individuals endorsement.'"Warren, supra at ¶¶ 32-33.
 {¶ 18} While still awaiting a decision in Galatis, we continue to follow Addie and Warren. We, therefore, conclude plaintiff, Cornel Ungur, is an insured for purposes of UIM coverage under defendant's auto liability policy and thus the trial court erred in deciding otherwise.
 {¶ 19} Next, plaintiffs argue that the court erred in granting summary judgment in favor of defendant for a second reason: that they failed to give defendants timely notice of their claims and had settled with the tortfeasor. Defendant's policy requires plaintiffs to promptly notify it of any loss or accident and further requires defendant's consent prior to settlement. In addition, as insureds, plaintiffs were required to do everything necessary to protect defendant's subrogation rights. According to defendant, breach of any one of these provisions allows it to deny plaintiffs coverage.
 {¶ 20} According to the trial court, plaintiffs' settlement with the tortfeasor and their delay in giving notice of that settlement prejudiced defendant. In its order granting defendant judgment, the court found that five years was too long and stated: "To allow claims to be presented long after the time when notice of such claims would reasonably be considered to be timely and after full releases have been executed by the insureds to the underlying tortfeasor thereby extinguishing any subrogation right of the Defendant insurance carrier would be extremely prejudicial to the Defendant insurance carrier."
 {¶ 21} Plaintiffs maintain that neither of these issues can be determined on summary judgment. According to plaintiffs, the issues of whether their notice is unreasonable and whether their settlement prejudiced defendant, leave too many questions of material fact to be resolved under Civ.R. 56.
 {¶ 22} We agree in light of the Ohio Supreme Court's recent decision in Ferrando v. Auto-Owners Mutual Insurance, 2002-Ohio-7217, a decision not available to the trial court when it ruled. It was error to grant summary judgment for defendant, because there are genuine issues of material fact left to resolve: the issues of plaintiffs' notice and whether their settlement/release with the tortfeasor prejudiced defendant.
 {¶ 23} In Ferrando, the Court established a two-part test for late-notice UM/UIM auto insurance cases. First, the trial court must "determine whether a breach of the provision at issue actually occurred." Id., at ¶ 89. In making this determination, the court must consider the surrounding facts and circumstances of the notification. Second, if the notice given is deemed to be unreasonable, then there is a "presumption of prejudice to the insurer, which the insured bears the burden of presenting evidence to rebut." In light of the evidence presented, the court must then "inquire whether the insurer was prejudiced." Id., at ¶ 90.[7]
 {¶ 24} The same analysis applies to the question of whether an insured breaches a consent-to-settle clause or other subrogation-related provision when, without notice to the insurer he settles/releases the tortfeasor. "We see no reason for a breach of a consent-to-settle clause or other subrogation-related provision in a UIM policy to be evaluated any differently than a breach of a prompt-notice provision. It is not logical that the breach of a notice provision should necessitate an inquiry into prejudice while the breach of a consent-to-settle provision should be deemed prejudicial to the insurer in all cases as a matter of law. To be consistent, the same fundamental inquiry should be applied in either case." Ferrando, at ¶ 84; see Karafa v. Toni, Cuyahoga App. No. 80664, 2003 Ohio 155.
 {¶ 25} Under Ferrando, the court must consider all the facts and circumstances surrounding plaintiffs' notice to defendant. If the court finds the delay/settlement unreasonable, then the trial court must determine whether either act prejudiced the insurance company.
 {¶ 26} In the case at bar, the trial court considered only the length of time that had passed between Ungur's accident and plaintiffs' notice to defendant. The court did the same thing when it looked at the issue of breach and the policy's subrogation provisions. By looking exclusively at the five-year time lapse and the fact that plaintiffs settled/released the tortfeasor, the trial court determined that defendant had been prejudiced. Under Ferrando, this conclusion satisfies only the first stage of the required analysis. It is also unclear which party the trial court assigned the burden of demonstrating prejudice.
 {¶ 27} Obviously, questions relating to breach, prejudice and whether plaintiffs met their burden of proof require the presentation and review of evidence not considered by the trial court before it granted defendant's summary judgment motion. On each of these issues there remain genuine issues of material fact yet to be determined. This court cannot say whether plaintiffs' five-year delay, in light of the surrounding circumstances and facts, constitutes "prompt notice" under defendant's policy. There is some evidence that, before the decision in Scott-Pontzer
in June 1999, plaintiffs did not realize defendant's policy might provide a source of UIM coverage for them. Genuine issues of material fact, therefore, remain on the question of whether plaintiffs should have discovered the possible UIM coverage sooner than they did.[8] SeeFerrando, ¶ 98.
 {¶ 28} Moreover, whether the tortfeasor was judgment proof, as plaintiffs claim, must be decided. Accordingly, the trial court correctly denied plaintiffs' motion for summary judgment but erred in granting summary judgment in favor of defendant. Plaintiff's sole assignment of error is therefore sustained in part and overruled in part. The judgment of the trial court granting summary judgment in favor of defendant is reversed.
 {¶ 29} The judgment of the trial court is affirmed in part and reversed in part and the case is remanded for further proceedings consistent with this decision.
ANNE L. KILBANE, P.J., AND JOSEPH NAHRA (*SITTING BY ASSIGNMENT:
JUDGE JOSEPH NAHRA, RETIRED, OF THE EIGHTH DISTRICT COURT OF APPEALS.), CONCUR.
[1] Plaintiff alleges that at the time of the accident the tortfeasor was uncollectible.
[2] At the time of the accident, Cornel Ungur exhausted his own UIM policy limits of $12,500 per person and $25,000 per accident.
[3] The effective dates of the policy are May 24, 1995 to May 24, 1996.
[4] This definition of an insured here is identical to the definition of an insured in the policy reviewed in Scott-Pontzer v. Liberty Mut.Ins. Co. (1999), 85 Ohio St.3d 660.
[5] Under the "Changes in Auto Medical Payments and Uninsured and Underinsured Motorists Coverages," the endorsement also adds the following: "Any individual named in the Schedule and his or her `family members' are `insured' while `occupying' or while a pedestrian when being struck by any `auto' you don't own except: Any `auto' owned by that individual or by any `family member'." [sic]
[6] In Westfield Ins. Co. v. Galatis (2002), 96 Ohio St.3d 1446,771 N.E.2d 260, the Ohio Supreme Court certified a conflict between the Summit County Court of Appeals and the Stark County Court of Appeals. The Court will decide "Whether the inclusion of a `Broadened Coverage Endorsement,' adding individual named insureds to a commercial motor vehicle liability policy, eliminates any ambiguity over the use of the term `you' therein?"
[7] A breach is material only when the insurer is prejudiced by the breach. Ferrando, supra, at ¶ 30.
[8] Plaintiffs' complaint was not filed until September 17, 2001.