O’Connor, C.J.
{¶ 1} In this appeal, we interpret an exclusion in a homeowner’s policy that denies coverage for claims “arising out of” premises that are owned by the insured but are not an insured location under the policy. We hold that an exclusion in a homeowner’s insurance policy for claims “arising out of ” premises owned by the insured other than the insured location excludes coverage for claims that arise from the quality or condition of the premises and claims based merely upon the insured’s ownership of the property upon which the injury occurred.
■ {¶ 2} Because the barren record before us does not sufficiently establish whether the claims raised in the underlying action are claims related to the quality or condition of the premises or whether the claims are based on another theory of negligence, we remand the cause to the trial court to make that determination and then apply our holding.
*541 Relevant Background
{¶ 3} Michael and Marilyn Hunter are Ohio residents who reside in a home in Hamilton. The Hunters’ Ohio premises are insured by a homeowner’s policy issued by appellee, Westfield Insurance Company. Westfield’s policy also provides the Hunters with personal liability coverage for damages arising from bodily injury or property damages.[1] It excludes, however, coverage for claims “arising out of ” premises owned by an insured that are not an insured location.[2]
{¶ 4} The Hunters own a farm in Indiana that is not a named insured location under the Westfield policy. Rather, the Hunters purchased liability insurance from appellant, Grinnell Mutual Reinsurance Company, to insure the farm.
{¶ 5} On July 7, 2001, the Hunters’ minor grandchild, Terrell Whicker, and another minor relative, Ashley Arvin, were riding all-terrain vehicles (“ATV”) on the farm. Terrell was injured in an accident that he alleged was caused when Ashley drove her vehicle toward Terrell but failed to turn away in time, thereby running over him and his vehicle. Terrell alleges that he suffered fractures to his femurs, ankle, and skull, as well as other injuries, as a result of the accident.
{¶ 6} Terrell and his parents brought suit against Ashley, her mother and stepfather (who were present at the farm during the incident), and the Hunters. Insofar as the complaint pertains to Ashley’s mother and stepfather, it pleads a cause of negligent entrustment. And as pleaded against the Hunters, it alleges that they knew of Ashley’s “reckless and/or negligent tendencies” and “had the ability and duty to exercise control” over Ashley, but breached that duty, and that as “a proximate and foreseeable result of the negligence” of the Hunters, *542 Terrell sustained injuries. The complaint is devoid of any allegation that a condition on the property contributed to the incident giving rise to the accident.
{¶ 7} Westfield brought a declaratory-judgment action against Grinnell, the Hunters, and the Whickers, seeking a declaration that it had no duty to defend or indemnify the Hunters for the claims asserted in Terrell’s lawsuit. Grinnell answered and counterclaimed, asserting that both insurers were obligated to provide coverage, on a pro rata basis, to the Hunters.
{¶ 8} On cross-motions for summary judgment, the trial court granted West-field’s motion and denied Grinnell’s and the Whickers’. The court reasoned that the claims raised by the Whickers “arose out of’ premises that were not insured by Westfield, i.e., the farm, and therefore that Westfield had no obligation to defend or indemnify the Hunters for the Whickers’ claims.
{¶ 9} On appeal by Grinnell and the Whickers, the court of appeals affirmed. Like the trial court, it held that there was no coverage for the Hunters under the Westfield policy for the Whickers’ claims because the Hunters’ farm was not an “insured location” under the Hunters’ homeowner’s policy and, therefore, that coverage was precluded by the “other premises” exclusion. 2009-Ohio-5642, 2009 WL 3415894, ¶ 36. Grinnell appealed to us for discretionary review and secured an order from the court of appeals certifying that its decision in this case is in conflict with that of another court of appeals. We granted discretionary review, 124 Ohio St.3d 1492, 2010-Ohio-670, 922 N.E.2d 227, and recognized the conflict, 124 Ohio St.3d 1490, 2010-Ohio-670, 922 N.E.2d 226, which presents the following question: “When construing an insurance policy exclusion, does an injury ‘arise out’ of a premises only if some dangerous condition exists on the premises that caused or contributed to the injury, or must the injury only originate in or have a causal connection with the premises?” We answer that question by holding that an exclusion in a homeowner’s insurance policy for claims “arising out of” premises owned by the insured other than the insured location excludes coverage for premises-based liability claims, such as those that arise from the quality or condition of the premises. Moreover, although the exclusion does not bar coverage of claims that arise from the insured’s alleged negligence if that negligence is unrelated to the quality or condition of the premises, it does exclude coverage for claims based upon the insured’s ownership of the property upon which the injury occurred. Accordingly, we reverse the judgment of the court of appeals.
Analysis

A

{¶ 10} At the outset, we reiterate some well-settled principles of insurance law that guide us here.
*543 {¶ 11} Ambiguous provisions in an insurance policy must be construed strictly against the insurer and liberally in favor of the insured. See, e.g., King v. Nationwide Ins. Co. (1988), 35 Ohio St.3d 208, 519 N.E.2d 1380, syllabus. This is particularly true when considering provisions that purport to limit or qualify coverage under the policy. Am. Fin. Corp. v. Fireman’s Fund Ins. Co. (1968), 15 Ohio St.2d 171, 174, 44 O.O.2d 147, 239 N.E.2d 33. “ ‘[A]n exclusion in an insurance policy will be interpreted as applying only to that which is dearly intended to be excluded.’ (Emphasis sic.) Hybud Equip. Corp. v. Sphere Drake Ins. Co., Ltd. (1992), 64 Ohio St.3d 657, 665, 597 N.E.2d 1096.” Sharonville v. Am. Emps. Ins. Co., 109 Ohio St.3d 186, 2006-Ohio-2180, 846 N.E.2d 833, ¶ 6.
{¶ 12} With those guiding principles set forth, we proceed with our review of the courts’ decisions on summary judgment. We apply the de novo standard of review to a decision granting or denying summary judgment based on interpretation of an insurance contract. Nationwide Mut. Fire Ins. Co. v. Guman Bros. Farm (1995), 73 Ohio St.3d 107, 108, 652 N.E.2d 684.

B

{¶ 13} The issue here is to what degree a negligence claim must be connected to the premises in order for the exclusion to be triggered. As the Massachusetts Appeals Court phrased the inquiry, “[t]he question is whether the exclusion ought to be read as pertaining to anything that occurs on the off-policy premises or whether the exclusion is limited to accidents that occur because of a condition of the off-policy premises, such as a hole in the walkway, a loose step, defective plumbing, or faulty electric wiring.” Callahan v. Quincy Mut. Fire Ins. Co. (2000), 50 Mass.App.Ct. 260, 261, 736 N.E.2d 857.
{¶ 14} As the court of appeals in this case recognized, we have not interpreted the exclusion for claims “arising out of” other property in the context of homeowner’s policies. And the Ohio appellate courts that have considered the question have reached different results.
{¶ 15} The Eighth District Court of Appeals interprets the exclusion broadly. It holds that “ ‘[ajrising out of means generally ‘flowing from’ or ‘having its origin in’ ” and that in order for coverage to be excluded, there need only be some causal link to the property rather than a showing that the premises were the proximate cause of the injury. Nationwide Mut. Fire Ins. Co. v. Turner (1986), 29 Ohio App.3d 73, 77, 29 OBR 83, 503 N.E.2d 212, quoting Ins. Co. of N. Am. v. Royal Indemn. Co. (C.A.6, 1970), 429 F.2d 1014, 1017. The court of appeals in this ease followed the rationale of Turner.
{¶ 16} A narrower view of the exclusion was adopted by the Second District Court of Appeals in a more recent case, Am. States Ins. Co. v. Guillermin (1996), *544 108 Ohio App.3d 547, 671 N.E.2d 317. Guillermin holds that an injury arises out of the premises, and coverage is therefore excluded, only if there is a dangerous condition on the premises that causes or contributes to the bodily injury for which coverage is sought. Id. at 565.
{¶ 17} Although both approaches are understandable, for the reasons that follow, we hold that the Guillermin rule is better reasoned and that the exclusion in Westfield’s policy is narrow enough to permit coverage for claims like that presented here.

C

{¶ 18} The broader rule set forth in Turner is based on the belief that the term “ ‘[ajrising out of means generally ‘flowing from’ or ‘having its origin in.’ Ins. Co. of North America v. Royal Indemn. Co. (C.A.6, 1970), 429 F.2d 1014 [1017]. The phrase generally indicates a causal connection with the insured property, not that the insured premises be the proximate cause of the injury.” Turner, 29 Ohio App.3d at 77, 29 OBR 83, 503 N.E.2d 212. We think that the understanding of the exclusion set forth in Turner is too sweeping. Indeed, under the construction adopted in Turner, any claim for injury that occurs on premises owned by the insured other than the insured homeowner’s primary residence would be denied, and the insured would not have liability coverage.
{¶ 19} The better-reasoned interpretation of the exclusion is that adopted by the court in Guillermin and, before it, by the Kentucky Supreme Court in Eyler v. Nationwide Mut. Ins. Co. (Ky.1992), 824 S.W.2d 855.
{¶ 20} In Eyler, the court faced an exclusion similar, but not identical, to the one at issue here. It recognized that the phrase “arising out of” is one that “suggests the necessity for a causal connection between the premises and the injury. Ordinarily, ‘arising out of ’ does not mean merely occurring on or slightly connected with but connotes the need for a direct consequence or responsible condition. As we view it, to satisfy the ‘arising out of ’ exclusion in the policy, it would be necessary to show that the premises, apart from the insured’s conduct thereon, was causally related to the occurrence.” Id. at 857. We agree, as do other courts that have considered the issue.
{¶ 21} For example, in Lititz Mut. Ins. Co. v. Branch (Mo.App.Ct.1977), 561 S.W.2d 371, the court confronted an exclusion that denied coverage for bodily injuries “arising out of any premises, other than [the] insured premises, owned, rented or controlled by any insured.” Id. at 373, fn. 1. After the insured’s dog bit a child while both the dog and the child were on the insured’s commercial property, the child’s parents sought coverage for the injuries. The court held *545 that the exclusion did not apply. In so concluding, it recited the dictionary definition of “premises” and stated:
{¶ 22} “It is apparent that ‘premises’ in common parlance and in the policy itself contemplates the land and more or less permanently affixed structures contained thereon. * * * A dog, whether permanently kenneled or tethered on the property, is not part of the premises.
{¶ 23} “It cannot therefore be said that a dog bite arises out of[,] originates from, grows out of, or flows from the premises. That it occurs upon the premises does not establish a causal connection between the bite and the premises.” Id. at 373.
{¶ 24} More recently, the Massachusetts Appeals Court reached the same conclusion in a case that is apposite here. In Callahan, the insureds kept a dog, Harley, for protection. 50 Mass.App.Ct. at 263, 736 N.E.2d 857. The insureds had a homeowner’s policy for property they owned in New Hampshire, and Harley traveled with his masters between New Hampshire and another home they kept in Marshfield, Massachusetts, which was insured by an insurer different from the insurer that covered the New Hampshire property. Harley bit an invitee on the Marshfield property, and the insurer for the New Hampshire property denied coverage and a defense to the homeowners, asserting that the exclusion for claims for bodily injury “ ‘arising out a premises} ] owned by an insured * * * that is not an insured location’ ” applied. Id. at 261. The trial court agreed, but the appellate court reversed. It stated, “The point is, Harley was not a condition of the Marshfield premises, as a protective electric fence would be. Harley’s bite was no more connected to the Marshfield real estate than had Callahan spilled hot coffee on a guest on those premises. It happened there, but did not ‘arise out of,’ as the phrase is understood.” Id. at 263. The appellate court concluded that Callahan’s liability stemmed from his “personal” tortious conduct in harboring Harley, not from any condition of the Marshfield property. Id.
{¶ 25} We believe that the rationale of Branch and Callahan is the better reasoned one for analyzing claims alleging that the injury occurred as a result of the insured’s negligence when the negligence is unrelated to the quality or condition of the property, solely because the insured owned the property where the injury occurred. We therefore hold that an exclusion in a homeowner’s insurance policy for claims “arising out of ” premises owned by the insured other than the insured location excludes coverage for premises-based liability claims, such as those that arise from the quality or condition of the premises. Moreover, although the exclusion does not bar coverage of claims that arise from the insured’s alleged negligence if that negligence is unrelated to the quality or condition of the premises, it does exclude coverage for claims based upon the insured’s ownership of the property upon which the injury occurred.
*546 {¶ 26} The Whickers’ claims in this case appear to be grounded on the theory that the Hunters failed to exercise control over Ashley’s use of an ATV on the property. The complaint is devoid of any mention of the quality or condition of the land upon which the accident took place. Necessarily then, our inquiry must focus on the insureds’ alleged negligence in permitting Ashley to operate the ATV in a negligent or reckless manner, which has no causal link to the quality or condition of the premises.
{¶ 27} The simple fact that Ashley’s misconduct took place on land is a matter of the law of gravity, not the law of insurance. As the court recognized in Eyler, “[w]hile most of the endeavors of mankind occur upon the surface of the earth and without it, harm could not occur, the law nevertheless imposes liability for negligent personal conduct upon the recognition that, in most cases, human behavior is the primary cause of the harm and the condition on earth only secondary.” 824 S.W.2d at 857. If the Whickers’ complaint is based on the theory that the Hunters failed to properly supervise Ashley while she was on the Hunters’ property and that that failure gave rise to Terrell’s injuries, then the exclusion does not bar coverage in this case. But if the theory of negligent supervision is a subterfuge to avoid the “other premises” exclusion because the Whickers’ claims are based on the Hunters’ ownership of the property, then the coverage is not available. On the scant record before us, we cannot make that determination. Accordingly, we remand this cause to the trial court for further proceedings to ascertain the nature and factual basis for the Whickers’ claims against the Hunters. On remand, the trial court should determine whether the Whickers’ theory of liability is that the Hunters breached a personal duty that the Hunters assumed for the care and control of Terrell and Ashley, in which case the exclusion would not apply, or whether the Whickers’ claims are based only on the fact that the Hunters owned the property where the injuries occurred, in which case the exclusion does apply. We do not believe that our holding in this case leaves insurers without means to restrict coverage. An insurer can use other exclusionary language to effectuate a broader bar to coverage. Indeed, other insurers evidently have done so for decades. Hanson v. Gen. Acc. Fire & Life Ins. Corp. (Fla.App.1984), 450 So.2d 1260, 1261 (“For instance, it was noted in Jackson v. Lajaunie, 270 So.2d 859 (La.1972), that a clause excluding accidents that happen ‘in connection with’ owned, but uninsured, premises excludes more broadly than a clause excluding accidents that ‘arise of out of’ such premises”). Insurers are free to draft exclusions to more fully preclude coverage for occurrences like that at issue in this litigation, but the use of the causal phrase “arising out of” in the exclusion is insufficient to do so.
Judgment reversed and cause remanded.
*547 Pfeifer and McGee Brown, JJ., concur.
Cupp, J., concurs in syllabus and judgment.
Lundberg Stratton, O’Donnell, and Lanzinger, JJ., dissent.

. {¶ a}The policy issued by Westfield states:
{¶ b}“If a claim is made or a suit brought against an insured for damages because of bodily injury * * * caused by an occurrence to which this coverage applies, we will:
{¶ c}“l. Pay up to our limit of liability for the damages for which the insured is legally liable * * *; and
{¶ d}“2. Provide a defense at our expense by counsel of our choice, even if the suit is groundless, false or fraudulent.” (Boldface sic.)
{¶ e}Thus, the liability coverage provided to the Hunters was for damages they might become legally obligated to pay if those damages were caused by an “occurrence.” An occurrence is defined in Westfield’s policy as an accident that results in bodily injury. The parties stipulated that the accident at issue is an “occurrence” under Westfield’s policy.

. {¶ a}The exclusion provides:
{¶ b}“l. Coverage E — Personal Liability and Coverage F — Medical Payments to Others do not apply to bodily injury or property damage:
{Hc}“ * * *
{¶ d}“e. Arising out of a premises:
{¶ e}“(l) Owned by an insured;
{¶ f}“(2) Rented to an insured; or
{¶ g}“(3) Rented to others by an insured;
{¶ h}“that is not an insured location.” (Boldface sic.)