[Cite as *Bachman v. State Farm Fire & Cas. Co.*, 2016-Ohio-3220.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

CLERMONT COUNTY

| | | |
|---|---|---|
| KEVIN BACHMAN, | : | |
| Appellant, | : | CASE NO.   CA2015-10-085 |
| - vs - | : | O P I N I O N<br>5/31/2016 |
| | : | |
| STATE FARM FIRE AND CASUALTY<br>COMPANY, | : | |
| Appellee. | : | |

CIVIL APPEAL FROM CLERMONT COUNTY COURT OF COMMON PLEAS
Case No. 2015 CVH 00292

Katzman Logan Halper & Bennett, Philip A. Logan, 9000 Plainfield Road, Cincinnati, Ohio 45236; Kenneth B. Flacks, P.O. Box 428756, Cincinnati, Ohio 45242-8756; and Ginger S. Bock, P.O. Box 31122, Cincinnati, Ohio 45231, for appellant

Rendigs, Fry, Kiely & Dennis, LLP, John F. McLaughlin, James J. Englert, 600 Vine Street, Suite 2650, Cincinnati, Ohio 45202, for appellee

**PIPER, P.J.**

{¶ 1}  Defendant-appellant, Kevin Bachman, appeals a decision of the Clermont County Court of Common Pleas, granting summary judgment to intervenor-appellee, State Farm Fire and Casualty Company.

{¶ 2}  In 2012, Bachman, his wife, and several friends went to Rong Tan's Bistro to have a night of fun and drinking.  The party, who had arranged for a designated driver,

consumed alcohol that evening, and Bachman became very intoxicated. At one point during the evening, Bachman approached the bar area and made contact with Donald Cahill. Cahill, who was at Rong Tan's with his fiancée, confronted Bachman when Bachman made contact with Cahill's fiancée by either pinching her buttocks or touching a string on her shirt. While the manner of touching remained disputed between the men, they only exchanged words before a bouncer separated them.

{¶ 3} Later that evening, and once the designated driver returned to Rong Tan's to pick up the group, Bachman and his wife exited the establishment and got into the vehicle to leave. However, some of the party was still inside Rong Tan's, and Bachman went inside to inform them that their designated driver had arrived. After Bachman found the other members of his party and told them it was time to leave, Bachman saw Cahill across the bistro, and weaved his way through the establishment to reach Cahill. Bachman then ran and launched himself into Cahill, punching Cahill in the back of the neck with a clenched fist. The punch broke Cahill's neck and led to significant brain injuries.

{¶ 4} Cahill sued Bachman, as well as Rong Tan's, and State Farm intervened in the suit because Bachman carried a home owners insurance policy through State Farm. State Farm moved for summary judgment and requested a declaration from the trial court that it had no duty to indemnify or defend Bachman.

{¶ 5} State Farm argued that Cahill's injuries were not the result of an "occurrence" as that term is defined in the insurance policy, and that the policy excluded liability for injuries that were expected or intended by the insured. The trial court granted State Farm's motion. Bachman now appeals the trial court's grant of summary judgment, raising the following assignment of error for our review.

{¶ 6} THE TRIAL COURT ERRED BY GRANTING SUMMARY JUDGMENT TO STATE FARM.

**{¶ 7}** Bachman argues in his assignment of error that the trial court erred by granting summary judgment to State Farm because Cahill's injuries were not intended, despite the intentional action that caused them.

**{¶ 8}** This court's review of a trial court's ruling on a summary judgment motion is de novo. *Lindsay P. v. Towne Properties Asset Mgt. Co.*, 12th Dist. Butler No. CA2012-11-215, 2013-Ohio-4124, ¶ 16. Civ.R.56 sets forth the summary judgment standard and requires that there be no genuine issues of material fact to be litigated, the moving party is entitled to judgment as a matter of law, and reasonable minds can come to only one conclusion which is adverse to the nonmoving party. *Slowey v. Midland Acres, Inc.*, 12th Dist. Fayette No. CA2007-08-030, 2008-Ohio-3077, ¶ 8. The moving party has the burden of demonstrating that there is no genuine issue of material fact. *Harless v. Willis Day Warehousing Co.*, 54 Ohio St.2d 64 (1978).

**{¶ 9}** The nonmoving party "may not rest on the mere allegations of his pleading, but his response, by affidavit or as otherwise provided in Civ.R. 56, must set forth specific facts showing the existence of a genuine triable issue." *Mootispaw v. Eckstein*, 76 Ohio St.3d 383, 385 (1996). A dispute of fact can be considered "material" if it affects the outcome of the litigation. *Myers v. Jamar Enterprises*, 12th Dist. Clermont No. CA2001-06-056, 2001 WL 1567352, *2 (Dec. 10, 2001). A dispute of fact can be considered "genuine" if it is supported by substantial evidence that exceeds the allegations in the complaint. *Id.*

**{¶ 10}** "An insurance policy is a contract whose interpretation is a matter of law," and all contract terms "are to be given their plain and ordinary meaning." *Sharonville v. Am. Employers Ins. Co.*, 109 Ohio St.3d 186, 2006-Ohio-2180, ¶ 6. "An exclusion in an insurance policy will be interpreted as applying only to that which is *clearly* intended to be excluded." *Westfield Ins. Co. v. Hunter*, 128 Ohio St.3d 540, 543, 2011-Ohio-1818, ¶ 11. (Emphasis sic.)

{¶ 11} According to Bachman's insurance policy, State Farm was required to defend and indemnify Bachman for lawsuits brought for damages due to a bodily injury caused by an "occurrence." The policy defined occurrence as "an accident" that results in bodily injury. The policy then specifically excludes personal liability coverage if the bodily injury was "expected or intended by the insured" or was the result of "willful and malicious acts of the insured."[1]

{¶ 12} We first find that the punch inflicted upon Cahill was not an occurrence as that term is defined in the insurance policy. "Inherent in a policy's definition of 'occurrence' is the concept of an incident of an *accidental,* as opposed to an *intentional,* nature. * * * Liability insurance does not exist to relieve wrongdoers of liability for intentional, antisocial, criminal conduct." *Gearing v. Nationwide Ins. Co.*, 76 Ohio St.3d 34, 38 (1996). (Emphasis sic.)

{¶ 13} Bachman's act was not accidental. The record indicates that Bachman intentionally caused Cahill's injuries when he sought out Cahill in the establishment, weaved throughout the bistro in order to reach Cahill, then ran with full force and punched Cahill in the back of the head with a clenched fist. Several courts have determined that an intentional punch is not an occurrence because such is not accidental. *See Pfeiffer v. Sahler*, 8th Dist. Cuyahoga No. 78165, 2001 WL 1110330, *4 (Sept. 13, 2001) ("a punch to the face is an action which, by its very nature, may be inferred by a judge to be an intentional act" because the insured "knew or ought to have known that such a blow would cause some degree of injury or harm to his victim as a matter of law"); *Erie Ins. Co. v. Stalder*, 114 Ohio App.3d 1 (3rd Dist.1996) (appellant's action in striking the victim was not an accident where appellant intended to strike the victim in the face with his fist); and *Aguiar v. Tallman*, 7th Dist. Mahoning No. 97 C.A. 116, 1999 WL 148367, *5 (Mar. 15, 1999) ("there is no legitimate

---

1. While State Farm argues that Bachman's act was also willful and malicious, we need not address the issue given the exclusion of coverage for an expected or intended bodily injury.

purpose, absent self defense, for the intentional nonconsensual striking of someone in the face with one's fists.  The purpose of such an act is to hurt the person punched").

{¶ 14} For the same reasons, Bachman's actions on the night in question are excluded from coverage because they were either expected or intended by the insured.  The record clearly indicates that Bachman purposefully made his way through Rong Tan's in order to reach Cahill.  After Bachman "had taken off running, zigzagging between the tables," he launched his clenched fist into the back of Cahill's head with such force that it caused Cahill, who was taller and weighed more than Bachman, to leave his feet and fall forward.  Cahill sustained a broken neck and brain injuries as a result of the forceful punch.

{¶ 15} Despite the intentional nature of his punch, Bachman claims that the policy offers coverage because he did not intend the severity of the injuries that actually occurred.  Essentially, Bachman asserts that an intentional act is nonetheless an accident if the *harm* resulting was not intended, nor substantially certain to occur.  As such, Bachman argues that the issue of coverage in this case cannot be determined solely by whether his conduct was intentional, but must also take into account whether the injury to Cahill was intended or substantially certain to occur.

{¶ 16} Bachman supports his argument by relying on the Ohio Supreme Court's decision in *Gearing* in which the court stated, "resulting injury which ensues from the volitional act of an insured is still an 'accident' within the meaning of an insurance policy if the insured does not specifically intend to cause the resulting harm *or is not substantially certain that such harm will occur.*"  *Gearing*, 76 Ohio St.3d at 39-40.  (Emphasis sic.)

{¶ 17} Even so, the *Gearing* court went on to address the concept that some acts do not require addressing the subjective intent of the insured because the intent to harm is inferred as a matter of law.  In *Gearing*, the court was asked to decide whether the insured's acts of sexual abuse perpetrated on three children constituted "occurrences" subject to

insurance coverage. The court determined that the "intentional acts of sexual molestation of a minor do not constitute 'occurrences' for purposes of determining insurance coverage, as intent to harm inconsistent with an insurable accident is properly inferred as a matter of law from deliberate acts of sexual molestation of a minor." *Id.* at 40.

{¶ 18} Similar to an act of sexual abuse, an intentional punch to the back of the head includes a proper inference that the person throwing the punch had an intent to harm. The record is patently clear that Bachman used a great amount of force when he punched Cahill, and that he punched Cahill for no other reason than to cause harm. This is not a case where Cahill and Bachman were physically engaged with each other so that Bachman could claim self-defense. Instead, Bachman launched himself at Cahill's turned back, delivering a blow to the back of Cahill's head.[2] As such, the cases cited by Bachman in support of his argument that his actions were accidental and fall within the gambit of *Gearing* are distinguishable.

{¶ 19} For example, in *Schaefer v. Musil*, 9th Dist. Summit No. 27109, 2014-Ohio-1504, the Ninth District found that a genuine issue of material fact remained regarding whether an intentional push could be an accident subject to insurance coverage. In *Schaefer*, the insured saw a man who was having an affair with the insured's wife standing in line for the bathroom at an establishment. The insured yelled at the man to leave his wife alone, and then attempted to turn the man toward him by pushing his right shoulder. The man fell as a result of the push, hit his head, and was rendered unconscious. The *Schaefer*

---

2. Bachman suggests that given his level of intoxication at the time he hit Cahill, a question of fact remains regarding his ability to form the intent necessary to commit an intentional act. However, this court has specifically held that voluntary intoxication does not prevent an insured from forming the requisite intent required for application of the intended or expected exclusion of an insurance policy. *Grange Mut. Cas. Co. v. Gore*, 12th Dist. Warren No. CA96-08-076, 1997 WL 249949, *3 (May 12, 1997). Even so, and regardless of Bachman's intoxication, his intentional punch was not accidental, and thus, does not constitute an occurrence for which insurance coverage would apply.

court determined that genuine issues of fact remained regarding whether the push to the plaintiff's shoulder could reasonably be expected to result in the plaintiff falling over and sustaining an injury.

{¶ 20} However, pushing someone's shoulder to turn the person is patently different from punching someone in the back of the head after running toward the person and clenching one's fist in anticipation of delivering the punch. Here, and unlike *Schaefer*, there remain no genuine issues of material fact as to whether the punch could reasonably be expected to result in Cahill being injured where Bachman's only purpose in delivering the punch was to inflict harm. As this court has previously stated, "it simply belies common sense for [the insured] to suggest that he intended to hit [plaintiff] but did not intend to cause any injury." *United Ohio Ins. Co. v. Vanosdol*, 12th Dist. Warren Nos. CA92-08-073 and CA92-08-075, 1993 WL 185612, *3 (June 1, 1993).

{¶ 21} After reviewing the record, we find that the trial court properly granted summary judgment to State Farm, as the injuries to Cahill were not an occurrence and were otherwise excluded from coverage as they were expected or intended by Bachman's actions. As such, Bachman's assignment of error is overruled.

{¶ 22} Judgment affirmed.

S. POWELL and HENDRICKSON, JJ., concur.