[Cite as *Gilkey v. Grange Mut. Cas. Co.*, 2016-Ohio-7676.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
ATHENS COUNTY

| | | |
|---|---|---|
| MALISSA GILKEY, INDIVIDUALLY, | : | Case No. 16CA12 |
| PERSONAL REPRESENTATIVE, | | |
| AND ADMINISTRATOR OF THE | : | |
| ESTATE OF SHANE GILKEY, | | |
| | | |
| Plaintiff-Appellant, | : | |
| | | |
| v. | : | DECISION AND |
| | | JUDGMENT ENTRY |
| GRANGE MUTUAL CASUALTY | : | |
| COMPANY, | | **RELEASED: 11/01/16** |
| | | |
| Defendant-Appellee. | : | |

_____

APPEARANCES:

Andrew J. Mollica, Mollica, Gall, Sloan & Sillery Co., L.P.A., Athens, Ohio, for appellant.

James R. Gallagher, Gallagher, Gams, Pryor, Tallan & Littrell, L.L.P., Columbus, Ohio, for appellee.

_____

Harsha, J.

**{¶1}** Malissa Gilkey, individually and in her representative capacity for her deceased husband, Shane Gilkey, filed an action for breach of contract against Grange Mutual Casualty Company ("Grange Mutual"). Gilkey claimed that Grange Mutual refused to pay for her underinsured motorist ("UIM") claim under a farm umbrella policy Grange Mutual issued to the Gilkeys. The Athens County Court of Common Pleas granted summary judgment in favor of Grange Mutual finding the farm umbrella policy did not provide UIM coverage to the Gilkeys.

**{¶2}** Gilkey asserts that the trial court erred because the declarations part of the policy established that the farm umbrella policy incorporated the coverage of several underlying insurance policies, including an automobile policy that contained UIM

coverage. Gilkey misconstrues the nature of the umbrella policy, which provides a form of excess coverage beyond an insured's primary policies. Here the declarations page does not incorporate the coverages of the underlying insurance policies into the umbrella policy; it merely sets forth the underlying policies as a condition for issuing the umbrella and as a underlying baseline reference to describe that coverage. The farm umbrella policy's terms specify that it does not cover bodily injury to any insured, (the Gilkeys), so it unambiguously precluded additional UIM beyond that provided by their automobile insurance policy. Moreover, the uncontroverted summary-judgment evidence established that the Gilkeys' application for the farm umbrella policy did not request UIM coverage and none was provided. Finally, a 2001 amendment to R.C. 3937.18 eliminated the requirement that insurers offer UIM coverage, as well as the possibility that this coverage could arise by operation of law.

{¶3} We reject Gilkey's assignment of error and affirm the summary judgment entered in favor of Grange Mutual.

## I. FACTS

{¶4} Cynthia Wasson negligently operated a motor vehicle on State Route 681 in Athens County, Ohio, striking and killing pedestrian Shane Gilkey. Malissa Gilkey, the surviving spouse, personal representative, and administrator of Shane Gilkey's estate, asserted a claim against Wasson for the bodily injury to and the wrongful death of her husband. Wasson's liability insurance policy had an "each person" limit of $25,000. Gilkey settled her claims against Wasson for her liability insurance policy limits.

{¶5}    At the time of the accident Shane Gilkey was an insured under a Grange Mutual personal automobile insurance policy, which included uninsured/underinsured ("UM/UIM") motorist coverage with an "each person" limit of $500,000. After settling her claims against Wasson, Gilkey asserted a claim for UIM coverage under her husband's Grange Mutual automobile insurance policy. The parties settled Gilkey's claims under this policy for $475,000 (the $500,000 limit of UIM coverage less the $25,000 already recovered from Wasson's insurance policy.

{¶6}    At the time of the accident the Gilkeys were also insured by Grange Mutual under a farm umbrella policy. Gilkey asserted a UIM claim under this policy, but Grange Mutual rejected this claim. Gilkey filed a complaint in the common pleas court alleging that Grange Mutual had breached its contract by rejecting her claim for UIM coverage under the farm umbrella policy. In its pleadings Grange Mutual requested a judgment declaring that the farm umbrella policy did not include any UM/UIM coverage.

{¶7}    Both parties filed motions for summary judgment. The summary-judgment evidence established the following additional relevant facts. In November 2013, Shane Gilkey applied for a farm umbrella insurance policy, which Grange Mutual issued to the Gilkeys as Farm Umbrella Policy No. FUP2058266-00. The Gilkeys did not request UM/UIM coverage in the application, Grange Mutual did not issue an endorsement to add UM/UIM coverage, and Grange Mutual did not charge the Gilkeys a premium for UM/UIM coverage for the farm umbrella policy. When Shane Gilkey applied for the farm umbrella policy, Grange Mutual did not have a duty to offer UM/UIM coverage or to obtain a rejection of this coverage when issuing such a policy.

{¶8}    The declarations section of the farm umbrella policy stated an "each occurrence" limit of $1,000,000, as well as an agreement to "provide the insurance stated in this policy."  As the underwriting manager in Grange Mutual's commercial specialty lines department stated in her affidavit, the declarations section for the farm umbrella policy did not list any UM/UIM coverage in the farm umbrella policy issued to the Gilkeys.

{¶9}    The second page of the declarations section specified that the Gilkeys were required as a condition of the farm umbrella policy to "keep the underlying insurance coverages and limits of insurance shown in this schedule in full effect throughout the policy period," and listed the underlying insurance policies, including the automobile insurance policy issued by Grange Mutual.  The declarations did not state that the coverages of the underlying policies were incorporated into the new umbrella policy and did not include any statement that the policy included UM/UIM coverage.

{¶10}  Moreover, the farm umbrella policy stated in its exclusions that "[t]his insurance does not apply to:  * * *  'Bodily injury' to you or to any 'insured' * * *."  The Gilkeys were insured persons under the policy.

{¶11}  The trial court entered summary judgment in favor of Grange Mutual and against Gilkey.  The court determined that the farm umbrella policy "cannot reasonably be interpreted to provide UM/UIM coverage," declared that the policy did not provide that coverage, and dismissed Gilkey's breach-of-contract complaint.

## II. ASSIGNMENT OF ERROR

{¶12}  Gilkey assigns the following error for our review:

THE TRIAL COURT ERRED IN DENYING SUMMARY JUDGMENT TO APPELLANT MALISSA GILKEY AND GRANTING IT TO APPELLEE GRANGE MUTUAL CASUALTY COMPANY.

## III. STANDARD OF REVIEW

{¶13}  Gilkey asserts that the trial court erred in granting summary judgment in favor of Grange Mutual and in denying summary judgment for her.

{¶14}  Generally, appellate courts apply a de novo standard of review to an appeal from a summary judgment based on an insurance contract.  *Westfield Ins. Co. v. Hunter*, 128 Ohio St.3d 540, 2011-Ohio-1818, 948 N.E.2d 931, ¶ 12; *see also Willis v. Gall*, 2015-Ohio-1696, 31 N.E.3d 678, ¶ 10 (4th Dist.) ("[t]he interpretation of a written contract, such as an insurance policy, is a matter of law that we review de novo"); *Hickory Grove 339, L.L.C. v. Cincinnati Ins. Co.*, 4th Dist. Washington No. 15CA38, 2016-Ohio-3408, ¶ 13.

{¶15}  Summary judgment is appropriate if the party moving for summary judgment establishes that (1) there is no genuine issue of material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion, which is adverse to the party against whom the motion is made. Civ.R. 56(C); *New Destiny Treatment Ctr., Inc. v. Wheeler*, 129 Ohio St.3d 39, 2011-Ohio-2266, 950 N.E.2d 157, ¶ 24; *Martin v. Jones*, 2015-Ohio-3168, 41 N.E.3d 123, ¶ 29 (4th Dist.).  The moving party has the initial burden to inform the trial court of the basis for the motion and to identify the parts of the record that demonstrate the absence of a genuine issue of material fact on the pertinent claims.  *Dresher v. Burt*, 75 Ohio St.3d 280, 293, 662 N.E.2d 264 (1996).  Once the moving party satisfies this initial burden, the non-moving party has the reciprocal burden under Civ.R. 56(E) to set forth

specific facts to show that genuine issues exist for trial.  *Id.*; *Schultheiss v. Heinrich Ents., Inc.*, 2016-Ohio-121, ___ N.E.3d ___, ¶ 15 (4th Dist.).

## IV. LAW AND ANALYSIS

**{¶16}**  In order to address Gilkey's assignment of error we must interpret the contract that she claims provides coverage. "The fundamental goal when interpreting an insurance policy is to ascertain the intent of the parties from a reading of the policy in its entirety and to settle upon a reasonable interpretation of any disputed terms in a manner designed to give the contract its intended effect."  *Laboy v. Grange Indemn. Ins. Co.*, 144 Ohio St.3d 234, 41 N.E.3d 1224, 2015-Ohio-3308, 41 N.E.3d 1224, ¶ 8.  In the absence of an express contractual definition or resultant manifest absurdity, we will construe words and phrases contained in an insurance policy in accordance with their plain and ordinary meaning.  *Id.*, citing *Alexander v. Buckeye Pipe Line Co.*,53 Ohio St.2d 241, 374 N.E.2d 146 (1978), paragraph two of the syllabus; see also *Wayne Mut. Ins. Co. v. McNabb*, 2016–Ohio–153, ___ N.E.3d ___, ¶ 20 (4th Dist.).

**{¶17}**  If an insurance contract is plain and unambiguous, the court does not go beyond the plain language of the policy to determine the parties' rights and obligations; instead, it gives effect to these plain and unambiguous terms.  *See Wayne Mut. Ins. Co. v. McNabb*, 2016-Ohio-153, 45 N.E.3d 1081, ¶ 21 (4th Dist.); *see also Scarberry v. W. Res. Group*, 4th Dist. Highland No. 14CA6, 2015-Ohio-240, ¶ 11, and cases cited therein.

**{¶18}**  Conversely, if provisions in an insurance contract are ambiguous, i.e., reasonably susceptible of more than one interpretation, they will be construed liberally

in favor of the insured. *Laboy* at ¶ 9; *Wayne Mut. Ins. Co.*, at ¶ 22. This rule, however, will not be applied to create an unreasonable interpretation of the policy provisions. *Id.*

**{¶19}** In her sole assignment of error Gilkey contests the trial court's entry of summary judgment in favor of Grange Mutual and its denial of her motion for summary judgment. She asserts that the Grange Mutual farm umbrella policy included UM/UIM coverage in the amount of $1,000,000 per occurrence because the declarations section of the policy incorporated the coverage for several underlying insurance policies, including the automobile insurance policy containing UM/UIM coverage issued to Shane Gilkey.

**{¶20}** We reject Gilkey's contention. At the outset, Gilkey misconstrues the nature of the umbrella policy, which " 'is a policy which provides excess coverage beyond an insured's primary policies.' " *Granger v. Auto-Owners Ins.*, 144 Ohio St.3d 57, 2015-Ohio-3279, 40 N.E.3d 1110, ¶ 23, quoting *Cincinnati Ins. Co. v. CPS Holdings, Inc.*, 115 Ohio St.3d 306, 2007-Ohio-4917, 875 N.E.2d 31, ¶ 5. Umbrella policies are different from standard excess (secondary) insurance policies because they provide both excess ("vertical") and primary ("horizontal") coverage, with vertical coverage providing additional coverage above the limits of the insured's underlying primary insurance and horizontal coverage "dropping down" to provide primary coverage for cases where the underlying insurance provides no coverage at all, e.g. for losses not typically covered by liability insurance. *Id.* In essence, umbrella liability coverage "drops down" to cover an uninsured's liability; it does not drop down to "cover" underinsured motorist liability. Moreover, an umbrella policy need not provide the same

coverage as an underlying insurance policy. *See, e.g., Holliman v. Allstate Ins. Co.*, 86 Ohio St.3d 414, 417-418, 715 N.E.2d 532 (1999).

**{¶21}** Like anything else in a question of contractual interpretation, we are guided by the language of the policy. Notwithstanding Gilkey's claim to the contrary, the declarations do not incorporate the coverages of the underlying insurance policies; they merely identify the underlying policies as a condition for acquiring and maintaining umbrella coverage. Moreover, the farm umbrella policy's own terms specifically stated that it did not cover bodily injury to any insured, i.e., the Gilkeys, so it unambiguously precluded UM/UIM coverage. The uncontroverted summary-judgment evidence in Grange Mutual's underwriting manager's affidavit established that Shane Gilkey did not request UM/UIM coverage when he applied for the umbrella, none was provided by Grange Mutual when it issued the policy, and none was paid for by the Gilkeys in their premium for the policy.

**{¶22}** Nor could the coverage arise by operation of law. A 2001 amendment to R.C. 3937.18 "eliminated the mandatory offer requirements for UM/UIM coverage, and, consequently, the possibility that UM/UIM coverage could arise by operation of law." *See State Farm Mut. Auto. Ins. Co. v. Grace*, 123 Ohio St.3d 471, 2009-Ohio-5934, 918 N.E.2d 135, ¶ 23, citing the amended version of R.C. 3937.18(A) (the insurer "may, but is not required to," include UM/UIM coverage); S.B. 97, Sections 3(B)(1), (2), and (4), 149 Ohio Laws, Part I, 779, 788. Therefore, as Gilkey concedes, the trial court could not hold that UM/UIM coverage arose by operation of law in the absence of a specific provision for it in the farm umbrella policy.

**{¶23}** Consequently, nothing in the plain language of the parties' farm umbrella insurance policy included UM/UIM coverage that would be in addition to the coverage they sought and were granted by Grange Mutual in Shane Gilkey's automobile insurance policy. The trial court correctly declared that the farm umbrella policy did not provide UM/UIM coverage and dismissed Gilkey's complaint for breach of contract. We overrule Gilkey's assignment of error.

## V. CONCLUSION

**{¶24}** After applying our de novo review of the summary-judgment evidence, we agree with the trial court's conclusion that there is no genuine issue of material fact, reasonable minds can come to but one conclusion, which is adverse to Gilkey, and Grange Mutual is entitled to judgment as a matter of law. Grange Mutual's farm umbrella policy did not provide UM/UIM coverage to the Gilkeys. Therefore, the trial court properly entered summary judgment in favor of Grange Mutual and denied Gilkey's motion for summary judgment. We affirm the judgment of the trial court.

JUDGMENT AFFIRMED.

## <u>JUDGMENT ENTRY</u>

It is ordered that the JUDGMENT IS AFFIRMED and that Appellant shall pay the costs.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Athens County Court of Common Pleas to carry this judgment into execution.

Any stay previously granted by this Court is hereby terminated as of the date of this entry.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Abele, J. & Hoover, J.:  Concur in Judgment and Opinion.


For the Court


BY: _____
William H. Harsha, Judge



### NOTICE TO COUNSEL

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**