[Cite as *Six v. Gahanna Trailer Servs.*, 2017-Ohio-7131.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Douglas A. Six, | : | |
| Plaintiff-Appellant, | : | |
| | | No. 16AP-91 |
| v. | : | (C.P.C. No. 13CV-4511) |
| Gahanna Trailer Services, et al., | : | (REGULAR CALENDAR) |
| Defendants-Appellees. | : | |

D E C I S I O N

Rendered on August 8, 2017

**On brief:** *Douglas A. Six*, pro se.

**On brief:** *Kemp, Schaeffer & Rowe Co., LPA,* and *Michael N. Schaffer,* for appellees, Steve Geiger and Geiger Excavating.

**On brief:** *Anthony Law, LLC, Michael J. Anthony,* and *Vincent Zuccaro,* for appellee, Asphalt Services of Ohio, Inc.

APPEAL from the Franklin County Court of Common Pleas

BRUNNER, J.

{¶ 1} Plaintiff-appellant, Douglas A. Six, appeals from a judgment of the Franklin County Court of Common Pleas which granted the motion to strike and the motion for summary judgment of defendant-appellee, Asphalt Services of Ohio, Inc. ("Asphalt Services") and granted the summary judgment motion of defendants-appellees, Steve Geiger and Geiger Excavating. For the following reasons, we affirm the judgment of the trial court.

## I. FACTS AND PROCEDURAL HISTORY

{¶ 2} Six rented a storage space for his camper from William Clary and Gahanna Trailer Services. He used his camper during a vacation and returned it to Gahanna Trailer Services on or about August 1, 2012. On or about September 22, 2012, Six visited his

camper and discovered that the vehicle sustained damage to the rear end and sides. On April 23, 2013, Six filed an action against Clary, Gahanna Trailer Services, Geiger, and Geiger Excavating. Six's first, second, third, and fourth claims are against Gahanna Trailer Services and Clary alleging breach of contract, negligence, a violation of the Consumer Sales Practices Act, R.C. 1345.01, et. seq., and fraud. Six's fifth claim is against Geiger and Geiger Excavating alleging negligence. Six asserts that Clary explained that Geiger Excavating had completed work on the premises spreading rock and loose stone paving materials in August and September 2012. Six argues that a dump truck caused the damage. In September 2013, Tom Raper RV gave Six an estimate to repair the damage for $8,000.

{¶ 3} Six filed an amended complaint adding Asphalt Services and alleging negligence against it.

{¶ 4} On January 21, 2015, Geiger and Geiger Excavating filed a motion for summary judgment. Accompanying the motion was the affidavit of Steve Geiger, who testified that he personally spread millings at the Gahanna Trailer Services trailer park on two occasions using a skid loader and he did not cause damage to Six's camper. (Jan. 21, 2015 Ex. A, Geiger Aff., Def.'s Mot. for Summ. Jgmt.)

{¶ 5} On January 26, 2015, Gahanna Trailer Services and Clary filed an answer to the amended complaint and cross-claimed against Geiger, Geiger Excavating, and Asphalt Services for negligence.

{¶ 6} On June 3, 2015, Asphalt Services filed a motion for summary judgment, supported by the affidavit of its office manager who testified that in October 2012, Asphalt Services was hired to repave the roads and parking lot of Heritage Apartments. As part of that project, Asphalt Services ground the old asphalt roadways and parking lots and delivered the asphalt millings to Gahanna Trailer Services, approximately one mile away. Attached to the affidavit were the payroll records for that job for work completed between October 8 and 27, 2012. (Apr. 1, 2015 Minhinnick Aff., attached to Memo Contra.) The evidence shows that Asphalt Services was not on the Gahanna Trailer Services' property until after Six discovered the damage to his camper.

{¶ 7} On June 16, 2015, Six filed a motion to stay Asphalt Services' motion for summary judgment arguing that he had not been able to depose the employees that delivered the rock and stone to Gahanna Trailer Services. Six attached an affidavit from his

No. 16AP-91

counsel setting forth facts in the case. The affidavit was electronically signed and the notary's signature was also electronically signed.

{¶ 8} On September 4, 2015, Six filed a memorandum contra the summary judgment motions of Geiger, Geiger Excavating, and Asphalt Services. Attached to the memorandum contra was Six's affidavit. However, Six's affidavit was electronically signed as was the notary's signature. The affidavit contained the following notation, "[t]he originally signed and Notarized Affidavit is in the possession of Attorney Eichenberger and will be produced upon request." (Sept. 4, 2015 Six Aff., attached to Memo Contra Mot. For Summ. Jgmt.)

{¶ 9} On November 5, 2015, the trial court filed an entry that begins, "[o]n November 4, 2015, a pretrial conference was held on the record. In attendance were Attorneys Eichenberger, Schaeffer, Zuccaro, and Koenug. During the pretrial, counsel discussed Plaintiff's affidavit that was submitted in support of Plaintiff's September 4, 2015 Memorandum Contra to Defendants' Motions for Summary Judgment. Plaintiff shall file the 'blue-ink' original signed affidavit with the Court no later than November 12, 2015." (Nov. 5, 2015 Journal Entry.)

{¶ 10} On December 7, 2015, Six filed a motion for leave to file the originally signed affidavit in support of memorandum contra to appellees' motions for summary judgment. Six's counsel stated in the memorandum in support for leave that he was out of town two times since November 5, 2015 and did not return to his office in order to see and review the trial court order. Thus, he sought leave to file a scanned copy of Six's original affidavit.

{¶ 11} On January 12, 2016, the trial court entered into the record its denial of Six's motion for leave to file the affidavit, granted Asphalt Services' motion to strike and granted the summary judgment motions of Geiger, Geiger Excavating, and Asphalt Services. Six filed a timely notice of appeal. On February 5, 2016, Six dismissed the action against Clary and Gahanna Trailer Services.[1]

---

[1] We determined that the trial court's order is a final, appealable order. " 'A trial court's decision granting summary judgment * * * for one of several defendants in a civil action becomes a final appealable order when the plaintiff voluntarily dismisses the remaining parties to the suit pursuant to Civ.R. 41(A)(1).' " *Perritt v. Nationwide Mut. Ins. Co.*, 10th Dist. No. 03AP-1008, 2004-Ohio-4706, ¶ 11, quoting *Denham v. New Carlisle*, 86 Ohio St.3d 594 (1999), syllabus. The only remaining claim after the voluntary dismissal was Gahanna Trailer Services and Clary's cross-claims that were rendered moot when Six voluntarily dismissed the action against them. The cross-claim was dependent on a finding of liability against Gahanna Trailer Services and Clary, but the dismissal precludes a finding of liability against them. *See Tibbe v. Ranbaxy, Inc.*,

No. 16AP-91

## II. ASSIGNMENTS OF ERROR

{¶ 12} Six filed a timely notice of appeal and raised the following assignments of error:

> [1.] THE TRIAL COURT ERRED AS A MATTER OF LAW AND ABUSED ITS DISCRETION BY FAILING TO ADMIT INTO EVIDENCE THE ELECTRONICALLY SIGNED AFFIDAVIT OF PLAINTIFF/APPELLANT SIX IN SUPPORT OF HIS MEMORANDUM CONTRA TO THE DEFENDANTS' MOTION FOR SUMMARY JUDGMENT.
>
> [2.] THE TRIAL COURT ERRED AS A MATTER OF LAW AND ABUSED ITS DISCRETION IN FAILING TO GRANT THE PLAINTIFF'S MOTION FOR LEAVE TO FILE THE ORIGINALLY SCANNED AFFIDAVIT OF THE PLAINTIFF INSTANTER.
>
> [3.] THE TRIAL COURT ERRED AS A MATTER OF LAW AND ABUSED ITS DISCRETION IN SUSTAINING THE MOTION FOR SUMMARY JUDGMEY [sic] OF THE DEFENDANTS BY RULING THAT THE INFERENCE OF THE NEGLIGENCE OF THE DEFENDANTS BASED UPON UNCONTROVERTED FACT DID NOT CREATE A QUESTION OF FACT FOR THE JURY IN THE CASE. THE TRIAL JUDGE FAILED TO CONSTRUE THE EVIDENCE TO THE FAVOR OF THE NON MOVING PARTY IN THE CASE, PLAINTIFF/APPELLANT SIX, PURSUANT TO CIVIL RULE 56.

## III. DISCUSSION

### A. Standard of Review

{¶ 13} Ohio Rule of Civil Procedure 56(C) provides in part that:

> Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

---

1st Dist. No. C-16o472, 2017-Ohio-1149, ¶ 21, citing *Wise v. Gursky*, 66 Ohio St.2d 241, 243 (1981); *Wisitainer v. Elcen Power Strut Co.*, 67 Ohio St.3d 352, 355 (1993).

No. 16AP-91

{¶ 14} The Supreme Court of Ohio has explained:

> Summary judgment will be granted only when there remains no genuine issue of material fact and, when construing the evidence most strongly in favor of the nonmoving party, reasonable minds can only conclude that the moving party is entitled to judgment as a matter of law. Civ.R. 56(C); *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317, 327, 4 Ohio Op. 3d 466, 364 N.E.2d 267. The burden of showing that no genuine issue of material fact exists falls upon the party who files for summary judgment. *Dresher v. Burt* (1996), 75 Ohio St.3d 280, 294, 1996-Ohio-107, 662 N.E.2d 264.

*Byrd v. Smith*, 110 Ohio St.3d 24, 2006-Ohio-3455, ¶ 10.

{¶ 15} In determining whether to grant a motion for summary judgment, the trial court must give the nonmoving party "the benefit of all favorable inferences when evidence is reviewed for the existence of genuine issues of material facts." *Byrd* at ¶ 25. We review a trial court's decision on summary judgment de novo, and we apply the same standards as the trial court. *Westfield Ins. Co. v. Hunter*, 128 Ohio St.3d 540, 2011-Ohio-1818, ¶ 12; *Bonacorsi v. Wheeling & Lake Erie Ry.*, 95 Ohio St.3d 314, 2002-Ohio-2220, ¶ 24.

{¶ 16} According to the Supreme Court, a "party seeking summary judgment, on the ground that the nonmoving party cannot prove its case, bears the initial burden of informing the trial court of the basis for the motion, and identifying those portions of the record which demonstrate the absence of a genuine issue of material fact on the essential element(s) of the nonmoving party's claims." *Dresher v. Burt*, 75 Ohio St.3d 280, 293 (1996). Civ.R. 56(E) provides that the nonmoving party to a properly supported motion for summary judgment, may not rest on the mere allegations or denials contained in the pleadings, but must demonstrate a genuine issue of fact for trial. If the nonmoving party does not so respond, if appropriate, the trial court shall grant the summary judgment motion.

## B. Analysis of Assignments of Error

{¶ 17} Six's assignments of error are related and we address them simultaneously. In his first assignment of error, Six contends that the trial court erred and abused its discretion by failing to admit into evidence the electronically signed affidavit of Six in support of his memorandum contra the appellees' motions for summary judgment. In his second assignment of error, Six contends that the trial court erred and abused its discretion

No. 16AP-91

in failing to grant Six's motion for leave to file the originally scanned affidavit. In his third assignment of error, Six contends that the trial court erred in granting Geiger's, Geiger Excavating's, and Asphalt Services' motions for summary judgment.

{¶ 18} With regard to whether the trial court erred by striking an affidavit on summary judgment, we have previously held that:

> The decision to admit or exclude evidence, including affidavit testimony, is subject to review under an abuse of discretion standard, and absent a clear showing that the court abused its discretion in a manner that materially prejudices a party, we will not disturb the trial court's ruling. * * * An abuse of discretion connotes more than an error of law or judgment, it implies that the court's attitude is unreasonable, arbitrary or unconscionable.

(Internal citations omitted.) *Carter v. U-Haul Internatl.,* 10th Dist. No. 09AP-310, 2009-Ohio-5358, ¶ 9.

{¶ 19} In this case, the trial court found that Six failed to follow its order to file a "blue-ink" original signed affidavit. Twenty-five days after the court's deadline, Six sought leave to file a scanned copy of the affidavit with the court, not the original "blue-ink" copy that the trial court ordered that he file. This is in spite of the fact that Six's counsel was present at the pre-trial conference when the trial court discussed with the parties in what form the affidavit needed to be submitted and thereafter ordered it. Counsel failed to comply with the trial court's order and file the "blue-ink" original. In fact, the signed affidavit was not filed until February 2, 2016, after the trial court ordered Six's counsel to show cause as to why he should not be found in contempt. (Jan. 12, 2016 Decision.)

{¶ 20} We note that Civ. R. 56(C) requires:

> Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, *timely filed* in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *No evidence or stipulation may be considered except as stated in this rule.*

(Emphasis added.) Six, through his attorney, failed to timely file his affidavit in a form that could be considered by the court.

No. 16AP-91

{¶ 21} We have previously addressed the specificity of the type of evidence required by Civ. R. 56(C) and held:

> Civ.R. 56(C) sets forth an exhaustive list of evidence that a court may consider when ruling on a motion for summary judgment. Under Civ.R. 56(C), a court may consider 'pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action[.]' Civ.R. 56(C) expressly cautions that 'no evidence or stipulation may be considered except as stated in this rule.' [A] letter does not fall within the categories of evidence listed in Civ.R. 56(C).
>
> The proper procedure for introducing evidentiary matter of a type not listed in Civ.R. 56(C) is to incorporate the material by reference into a properly framed affidavit. *Martin v. Central Ohio Transit Auth.* (1990), 70 Ohio App.3d 83, 89, 590 N.E.2d 411, citing *Biskupich v. Westbay Manor Nursing Home* (1986), 33 Ohio App.3d 220, 515 N.E.2d 632.

*Cunningham v. Children's Hosp.*, 10th Dist. No. 05AP-69, 2005-Ohio-4284, ¶ 14-15.

{¶ 22} The matter sought to be considered on summary judgment in *Cunningham* was a letter from an expert that was not in the form of an affidavit.

{¶ 23} Six wanted the trial court to consider a nonstandard affidavit which the court had already specifically rejected without it being supplemented with a "blue-ink" original. Under Civ. R. 56(C) the trial court did not abuse its discretion by (1) requiring the full and correct form of affidavit, (2) requiring that it be timely filed, (3) refusing to consider it when not specifically the evidentiary material required, and (4) striking it from the record. That the trial court had to resort to the threat of contempt to obtain evidentiary quality material with which to proceed in determining whether to grant summary judgment is a testament to the trial court's effort to follow the requirements of Civ.R. 56 and not an abuse of discretion.

{¶ 24} To ultimately prevail on his claim for negligence, Six was required to prove by a preponderance of the evidence that appellees owed him a duty of care, that they breached that duty and that the breach proximately caused his injury. *Mussivand v. David*, 45 Ohio St.3d 314, 318 (1989). On summary judgment, he was required to produce evidence such that a material issue of fact concerning at least one of these issues necessitated a trial to determine it. Six did not do this.

No. 16AP-91

{¶ 25} Six did not rebut the summary judgment motions with any evidence to create a material issue of fact concerning who damaged his camper or how it had been damaged. Six alleged that Geiger and Geiger Excavating caused damage to his camper because the camper sustained damage and Geiger and Geiger Excavating were on the storage property completing paving work and spreading stone and gravel at the facility during the month of September 2012. Six alleged that Asphalt Services provided materials to complete the paving, stone, and gravel work. But Asphalt Services established that it was not on the premises prior to the time Six discovered the damage.

{¶ 26} Six, in his deposition, testified that he had no knowledge regarding who damaged his camper. (Dec. 2, 2014 Six Depo. at 10.) He stated, "all of the other motorhomes and bumpers are the same height in that area - - in that storage area." *Id.* He opined that they could not have caused the damage to his camper and that Geiger's "dump truck[] is the only one that would be higher than my bumper to hit it." *Id.* Six's theory is that his camper was hit by a dump truck and he suspected Geiger because McClary told Six "somebody brought gravel in." *Id.* at 11.

{¶ 27} From the standpoint of the Ohio Rules of Evidence:

> If the witness is not testifying as an expert, the witness' testimony in the form of opinions or inferences is limited to those opinions or inferences which are (1) rationally based on the perception of the witness and (2) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue.

Evid. R. 701.

{¶ 28} Six's statements that simply eliminate other causes, but do not in and of themselves create a permissible, relevant inference that Geiger, Geiger Excavating, or Asphalt Services committed negligence, do not create material issues of fact regarding negligence and the proximate damage to Six's property. Even if his affidavit had been considered by the court, Six could not produce for the court any evidence to create a material issue of fact for trial.

{¶ 29} The trial court found that Six failed to point to any specific act or omission of Geiger, Geiger Excavating, or Asphalt Services and, therefore, failed to meet his reciprocal burden of providing specific facts demonstrating a genuine issue of material fact. The trial court determined that Six's complete lack of evidence that "would create an issue of fact as

No. 16AP-91

to the who or what damaged Plaintiff's camper" resulted in Six failing to show a genuine issue for trial.  (Decision at 7.)

{¶ 30}  We hold that the trial court did not err in granting appellees' motions for summary judgment or in failing to admit into evidence the affidavit of Six in support of his memorandum contra the appellees' motions for summary judgment or in failing to grant Six's motion for leave to file the originally scanned affidavit.

{¶ 31}  Six's three assignments of error are overruled.

## IV.  CONCLUSION

{¶ 32}  For the foregoing reasons, Six's three assignments of error are overruled and the judgment of the Franklin County Court of Common Pleas is affirmed.

*Judgment affirmed.*

DORRIAN and LUPER SCHUSTER, JJ., concur.